**Rafael Garza MARTINEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–99–351–CR.**

Court of Appeals of Texas, Corpus Christi–Edinburg.

June 17, 2003.

Charles A. Banker III, McAllen, for appellant.

Robert E. Bell, Edna, for state.

Before Chief Justice VALDEZ and Justices RODRIGUEZ and CASTILLO.

## OPINION ON REMAND

Opinion by Justice CASTILLO.

Appellant Rafael Garza Martinez appeals his conviction for felony possession of marijuana. Without the benefit of an agreed punishment recommendation, Martinez pleaded guilty to a jury. The jury sentenced him to eight years confinement in the Institutional Division of the Texas Department of Criminal Justice and fined him $7,500. This Court affirmed the conviction.[1] The court of criminal appeals reversed, holding that we erroneously analyzed the sufficiency of Martinez's affidavit when we overruled his first issue, a challenge to the trial court's failure to hold an evidentiary hearing on his motion for new trial. Consistent with the mandate of the court of criminal appeals, we abated the appeal and remanded the cause to the trial court for a hearing on Martinez's motion. After conducting an evidentiary hearing, the trial court denied the motion. This appeal continued. We conclude that Martinez waived the second issue he presents on direct appeal. We affirm.

## I. ISSUE PRESENTED

▬▬ With the question of Martinez's right to an evidentiary hearing on his motion for new trial resolved, we now must determine if Martinez waived his remaining issue when he pleaded guilty. *See Ramirez v. State,* 89 S.W.3d 222, 228 (Tex. App.-Corpus Christi 2002, no pet.). Waiver of all nonjurisdictional defects that occurred before a guilty plea entered without the benefit of an agreed sentencing recommendation, other than the voluntariness of

the plea, occurs when the judgment of guilt was rendered independent of, and is not supported by, the claimed error. *Young v. State,* 8 S.W.3d 656, 666–67 (Tex. Crim.App.2000).

Thus, the threshold question we address is whether the alleged error Martinez complains of occurred before entry of his guilty plea. Martinez asserts that he was denied his constitutional right to effective assistance of counsel when his lawyer did not inform him of plea negotiations in a timely manner and failed to advise him of the advantages and disadvantages of pleading guilty to the jury for sentencing. Counsel's error, Martinez argues, resulted in a substantially greater punishment than that originally proposed by the State.

## II. THE RECORD

With regard to the plea-bargain offers, the affidavit that accompanied Martinez's motion for new trial stated:

I was not told by my Attorney, Rudy Garza, until March 28, 1999, the day before we were set for trial, that there was a plea offer made by the District Attorney to my counsel. On Sunday, March 28, 1999, I met with my attorney, Rudy Garza, in his office in Corpus Christi, Texas and he told me for the first time that the District Attorney had made a plea offer of 4 years to do in prison. Prior to that time, Mr. Garza had never discussed with me a plea bargain offer or what my options were as far as plea bargaining or going to trial. I did not communicate to Mr. Garza my acceptance or rejection of the plea offer on that day. I really did not have enough time to think about it. We left the meeting agreeing we would wait to see what would happen the following

---

1. *Martinez v. State,* 28 S.W.3d 815 (Tex.App.-Corpus Christi 2000), *rev'd,* 74 S.W.3d 19 (Tex. Crim.App.2002).

morning in Jackson County. When I arrived the next morning the first thing my attorney communicated to me that the offer had changed to 8 years.

My attorney never made sufficient time with me to discuss a plea bargain, a plea offer, or the pros and cons of going to trial in Jackson County. If I had known what I know now about jury verdicts in Jackson County and had I had sufficient time to talk about the pros and cons about going to trial in Jackson County with my attorney, and had sufficient time to consider the 4 year offer, I would have taken the 4–year offer instead of going to trial. My attorney did not communicate this offer in a timely manner or discuss the pros and cons of going to trial in this county in a sufficient manner to allow me to make an *informed decision regarding accepting a plea offer or going to trial.*

During the evidentiary hearing on remand, the State cross-examined Martinez about the statements in his affidavit. Martinez persisted in his statement that at the time he met with his attorney on Sunday, March 28, 1999, his lawyer told him "for the first time that the District Attorney had made a plea offer of 4 years to do in prison." However, continuing under cross-examination, Martinez testified that on the Monday the case was set for trial, his lawyer already had spoken with the State's attorney when they first communicated that day. Counsel said, Martinez testified, "They will offer you four years." When questioned further, Martinez admitted that the statement in his affidavit that when he "arrived the next morning the first thing my attorney communicated to me that the offer had changed to 8 years" was not true. His lawyer told him "that they had offered four," Martinez explained, "[a]nd, then I asked him if we could get probation." Counsel told Martinez he again would talk to the State's attorney.

He did so. When counsel returned, he told Martinez, "No, they'll give you four; and if you don't accept that, they'll give you eight." Martinez reiterated that his lawyer told him "they'd give me four and that's it." Martinez testified he replied, "I need to think about this." Counsel then told him, Martinez repeated, "No, no because they'll give you eight."

The following exchange on cross-examination summarized the inconsistency between Martinez's affidavit and his testimony:

[Prosecutor]: One of them is, your attorney saying, "If you don't take the four, they will give you eight." The other one is, the attorney saying, "No, they'll only give you eight now. You can't have four." Which one of those is it?

[Appellant]: The first one, that if he didn't accept the four, they would give him eight. It's what they told me.

[Prosecutor]: And, you did not accept the four, did you?

[Appellant]: No, I asked him if there was a probability that I could get probation, but he said that they couldn't.

Martinez explained the discrepancy by testifying that the interpreter who worked with him to complete the affidavit "didn't understand in the translation or I did not understand."

Thus, after a full evidentiary hearing on Martinez's motion for new trial, the record shows that counsel conveyed the four-year plea offer, which was still being offered by the State as of the morning of trial, to Martinez before Martinez pleaded guilty without the benefit of a plea bargain. The record also shows that Martinez rejected the offer, knowing that his rejection meant the State would next offer eight years, because he wanted probation. Finally, the record shows that Martinez received eight

years from the jury, the same as the State's last plea-bargain offer, which Martinez also had rejected.

## III. WAIVER BY GUILTY PLEA

The record and Martinez's brief establish that Martinez at all times desired to and did plead guilty to the charged offense. He does not complain on appeal that his guilty plea was involuntary. Rather, he complains that his trial counsel's ineffective assistance before he pleaded guilty contributed to or caused the assessment of a sentence in excess of the State's original plea-bargain offer that the record shows he rejected. Martinez's claim of ineffective assistance of counsel arose after he learned that the jury's punishment exceeded the plea bargain he had rejected, after his guilty plea and after his sentencing hearing before the jury. The focus of Martinez's assertion, however, is that the ineffective assistance occurred when his counsel did not timely convey a plea offer to him or adequately advise him regarding the potential consequences of pleading guilty before the jury, events that occurred before Martinez's guilty plea. Accordingly, we conclude that *Young* applies to our review of Martinez's claimed ineffective assistance of counsel. *See Ramirez*, 89 S.W.3d at 232 (applying *Young* to *Brady* violation that appellant claimed occurred before plea but came to light during sentencing hearing). Therefore, we must determine if the judgment of guilt was rendered independent of, and is not supported by, the claimed error. *Young*, 8 S.W.3d at 667; *Ramirez*, 89 S.W.3d at 232. That is, we analyze if the alleged ineffective assistance of counsel has a "direct

nexus" with Martinez's guilt or innocence. *See Ramirez*, 89 S.W.3d at 232.

The *Young* court held that the judgment in that case was not rendered independent of the alleged error in the trial court's denial of Young's motion to suppress. *Young*, 8 S.W.3d at 667. Other courts also have concluded that where error is predicated on the denial of a motion to suppress, the judgment is not independent of the alleged error. *See, e.g., Guerrero v. State*, 64 S.W.3d 436, 440 (Tex.App.-Waco 2001, no pet.) (per curiam) (applying *Young* to hold that judgment was not independent of denial of motion to suppress allegedly involuntary confession). However, unlike a motion to suppress, which necessarily goes directly to the issue of proof of the defendant's guilt, claimed ineffective assistance of counsel may or may not have a direct nexus with the defendant's guilt or innocence. *See Ramirez*, 89 S.W.3d at 232. Here, there is no evidence that Martinez would have pleaded not guilty had it not been for his counsel's alleged ineffectiveness. We find that the judgment of guilt was rendered independent of, and is not supported by, the alleged ineffective assistance of counsel claimed by Martinez. *See Young*, 8 S.W.3d at 667; *see also Ramirez*, 89 S.W.3d at 232. Accordingly, we hold that Martinez, by pleading guilty without an agreed punishment recommendation, waived any complaint of ineffective assistance in the timing and content of his trial counsel's advice about the State's offer of a plea bargain and the consequences of pleading guilty to the jury for sentencing. We overrule Martinez's sole remaining issue on remand.[2]

---

**2.** The result is the same if we conclude that the substance of Martinez's complaint originated after his plea, not before, and renders *Young* inapplicable. *See Young v. State*, 8 S.W.3d 656, 666–67 (Tex.Crim.App.2000).

On this record, we conclude that the judgment and sentence that followed Martinez's guilty plea were based on the plea and the evidence the jury heard during the punishment phase of the trial and not on any per-

## III. CONCLUSION

Accordingly, we affirm the judgment of conviction and sentence.

ceived or claimed ineffective assistance of counsel. We cannot conclude on this record that Martinez showed by a preponderance of the evidence that there is a reasonable probability, but for counsel's unprofessional errors, that the result of the proceeding would have been different. *See Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *McFarland v. State,* 845 S.W.2d 824, 842 (Tex.Crim.App.1992).