NUMBER 13-02-400-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG



HOWARD RAY JORDAN , Appellant,



v.




THE STATE OF TEXAS , Appellee.



On appeal from the 1A District Court

of Jasper County, Texas.




O P I N I O N

Before Chief Justice Valdez and Justices Rodriguez and Castillo

Opinion by Justice Castillo




 Appellant Howard Ray Jordan appeals his conviction for indecency with a child. (1) Jordan pleaded guilty to
the charge without reaching an agreement with the State about a punishment recommendation. We affirm. 

I. BACKGROUND


 On November 14, 2001, the trial court accepted Jordan's guilty plea and postponed sentencing pending
completion of a pre-sentence investigation. On June 6, 2002, the trial court sentenced him to twenty years
confinement in the Institutional Division of the Texas Department of Criminal Justice and imposed a
$10,000.00 fine. In an order dated June 7, 2002, the trial court recited that Jordan appeared in person and by
counsel for the sentencing phase of the trial and "persisted in his plea of guilt and at this time was found guilty
of the offense as charged." 

 Initially on appeal, Jordan complained that the lawyer who represented him when he entered his guilty plea on
November 14, 2001 rendered ineffective assistance because of a disqualifying conflict of interest. Jordan
asserted that a lawyer associated with his first lawyer represented the father of the victim. The trial court
permitted the first lawyer to withdraw and appointed new counsel for Jordan before the sentencing proceeding
on June 6, 2002. On appeal, the second appointed lawyer informed this Court that the same conflict of
interest applied to his representation of Jordan. We remanded for appointment of new appellate counsel. In a
single issue raised on appeal by new appointed appellate counsel, Jordan complains that both the lawyer who
represented him when he entered his plea on November 14, 2001 and the lawyer who represented him when
he reaffirmed his plea and was sentenced on June 6, 2002 rendered ineffective assistance of counsel because of
the conflict of interest. 

II. APPLICABLE APPELLATE RULES


 On July 2, 2002, Jordan filed a timely notice of appeal generally asserting he was appealing the judgment
rendered against him. The rules of appellate procedure governing how appeals proceed in criminal cases were
amended effective January 1, 2003. Generally, rules altering procedure do not fall within the prohibition in the
Texas Constitution against retroactive application of laws that disturb vested, substantive rights. See Tex.
Const. art. I, § 16; see also Ibarra v. State, 11 S.W.3d 189, 192 (Tex. Crim. App. 1999). Therefore, this
Court applies the current rules of appellate procedure to this appeal. We may not affirm or reverse a judgment
or dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable
time to correct or amend the defects or irregularities. Tex. R. App. P. 44.3. We also are prohibited from
affirming or reversing a judgment or dismissing an appeal if the record prevents the proper presentation of an
appeal and can be corrected by the trial court. Tex. R. App. P. 44.4(a). Accordingly, we abated the appeal on
July 21, 2003 and ordered a supplemental record to include, in compliance with rule 25.2(a)(2), the trial
court's certification of Jordan's right of appeal. See Tex. R. App. P. 25.2(a)(2). We received a supplemental
record on August 11, 2003 that includes the trial court's certification of Jordan's right of appeal. 

 We now turn to the merits. Specifically, we determine whether Jordan waived any issues when he pleaded
guilty without the benefit of an agreed sentencing recommendation. See Ramirez v. State,
89 S.W.3d 222, 228 (Tex. App.-Corpus Christi 2002, no pet.). Waiver by guilty plea occurs "when the
judgment of guilt was rendered independent of, and is not supported by, the error." Ramirez, 89 S.W.3d
at 228 (quoting Young, 8 S.W.3d at 667). 

III. WAIVER BY GUILTY PLEA


 The record and Jordan's brief establish that Jordan twice pleaded guilty to the charged offense. He does not
complain on appeal that his guilty plea was involuntary. Rather, he complains that the disqualifying conflict of
interest that burdened both of his trial counsel rendered their assistance ineffective. Accordingly, we conclude
thatYoung applies to our review of Jordan's claimed ineffective assistance of counsel. See Ramirez,
89 S.W.3d at 232 (applying Young to Brady violation that appellant claimed occurred before plea but came to
light during sentencing hearing). Therefore, we must determine if the judgment of guilt was rendered
independent of, and is not supported by, the claimed error. Young, 8 S.W.3d at 667; Ramirez, 89 S.W.3d at
232. That is, we analyze if the alleged ineffective assistance of counsel has a "direct nexus" with Jordan's guilt
or innocence. See Ramirez, 89 S.W.3d at 232. 

 The Young court held that the judgment in that case was not rendered independent of the alleged error in the
trial court's denial of Young's motion to suppress. Young, 8 S.W.3d at 667. Other courts also have concluded
that where error is predicated on the denial of a motion to suppress, the judgment is not independent of the
alleged error. See, e.g., Guerrero v. State, 64 S.W.3d 436, 440 (Tex. App.-Waco 2001, no pet.) (per curiam)
(applying Young to hold that judgment was not independent of denial of motion to suppress allegedly
involuntary confession). However, unlike a motion to suppress, which necessarily goes directly to the issue of
proof of the defendant's guilt, claimed ineffective assistance of counsel may or may not have a direct nexus
with the defendant's guilt or innocence. Martinez v. State, No. 13-99-351-CV, 2003 Tex. App.
LEXIS 5047, at *9 (Corpus Christi June 17, 2003, no pet. h.). We assume, without deciding, that both
appointed trial counsel were burdened with a disqualifying conflict of interest. However, there is no evidence
in this record that Jordan would have pleaded not guilty had it not been for his counsel's alleged
ineffectiveness. We find that the judgment of guilt was rendered independent of, and is not supported by, the
alleged ineffective assistance of counsel claimed by Jordan. See id. Accordingly, we hold that Jordan, by
pleading guilty without an agreed punishment recommendation, waived any complaint on direct appeal of
ineffective assistance of counsel as a result of any disqualifying conflict of interest. We overrule Jordan's sole
issue. (2) 

 

IV. CONCLUSION


 Accordingly, we affirm the judgment of conviction and sentence. 



ERRLINDA CASTILLO

 Justice



Publish.

Tex. R. App. P. 47.2(b).



Opinion delivered and filed

this 14th day of August, 2003.

1. Tex. Pen. Code Ann. § 21.11(a)(2)(B) (Vernon 2003).

2. We note that an appellant whose attempt at a direct appeal is unsuccessful because of an undeveloped
record is not without a potential remedy. Challenges requiring development of a record to substantiate the
claim, such as involuntariness or ineffective assistance of counsel, may be raised in an application for writ of
habeas corpus. Tex. Code Crim. Proc. Ann. arts. 11.07, 11.08 (Vernon 1977 & Supp. 2003); see Cooper v.
State, 45 S.W.3d 77, 81 n.2 (Tex. Crim. App. 2001).