McDaniel v. SOT















NUMBER 13-03-00752-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                      

ERIC McDANIEL,                                                                          Appellant,

v.

THE STATE OF TEXAS,                                                                Appellee.
                                                                                                                      

On appeal from the 94th District Court of Nueces County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Castillo
Memorandum Opinion by Justice Hinojosa

          Without a plea agreement, appellant, Eric McDaniel, pleaded nolo contendere to the
offense of assault on a public servant. The trial court found him guilty and assessed his
punishment at three years imprisonment. In a single issue, appellant claims his trial
counsel was ineffective because counsel: (1) failed to discover, subpoena, or call
witnesses favorable to appellant; and (2) failed to explain the difference between a plea
of nolo contendere and a trial. We affirm.
          As this is a memorandum opinion not designated for publication and the parties are
familiar with the facts, we will not recite them here except as necessary to advise the
parties of our decision and the basic reasons for it. See Tex. R. App. P. 47.4.
          Before we can consider the merit of appellant’s issue, we must first determine if
appellant waived this issue when he pleaded nolo contendere. See Ramirez v. State, 89
S.W.3d 222, 228 (Tex. App.–Corpus Christi 2002, no pet.). Waiver of all non jurisdictional
defects that occurred before a guilty plea entered without the benefit of an agreed
sentencing recommendation, other than the voluntariness of the plea, occurs when the
judgment of guilt was rendered independent of, and is not supported by, the claimed error. 
Martinez v. State, 109 S.W.3d 800, 801 (Tex. App.–Corpus Christi 2003, pet. ref’d) (citing
Young v. State, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000)). Thus, we must first
address whether the alleged error occurred before appellant entered his plea.
          Appellant contends he was denied effective assistance of counsel because his
lawyer failed to discover, subpoena, or call witnesses favorable to appellant, and failed to
explain the difference between a plea of nolo contendere and a trial. The record contains
appellant’s sworn judicial confession and the court’s written admonishments to appellant. 
In these documents, appellant acknowledged that he understood the charges against him
and that trial counsel had explained to him the facts of the case as well as the law
applicable to the case. In both the sworn judicial confession and the court’s written
admonishments, appellant acknowledged that his attorney had discussed the case with
him and that he was satisfied with his representation. Trial counsel certified that he read
and explained the written admonishments to appellant, as well as the applicable range of
punishment and waiver of rights.
          At the plea hearing, appellant testified he understood that his plea of nolo
contendere had the same legal impact as a guilty plea. He also testified he had been able
to discuss the case with trial counsel and was fully aware of what was transpiring during
the hearing.  
          The record and appellant’s brief establish that appellant at all times desired to and
did plead nolo contendere to the charged offense. Appellant does not complain on appeal
that his plea was involuntary. However, he contends that the ineffective assistance
occurred when trial counsel failed to discover, subpoena, or call witnesses favorable to him
and failed to explain the difference between a plea of nolo contendere and a trial, events
that occurred before he entered his plea of nolo contendere. 
          We conclude that Young applies to our review of appellant’s claimed ineffective
assistance of counsel. See Martinez, 109 S.W.3d at 803; Ramirez, 89 S.W.3d at 232. 
Therefore, we must determine if the judgment of guilt was rendered independent of, and
is not supported by, the claimed error. Young, 8 S.W.3d at 667; Martinez, 109 S.W.3d at
803; Ramirez, 89 S.W.3d at 232. That is, we analyze whether the alleged ineffective
assistance of counsel has a direct nexus with appellant’s guilt or innocence. See Martinez,
109 S.W.3d at 803; Ramirez, 89 S.W.3d at 232. 
          Here, the record is devoid of any evidence that appellant would have pleaded not
guilty had it not been for his counsel’s alleged ineffectiveness. Therefore, we hold that the
trial court’s judgment was rendered independent of, and is not supported by, the alleged
ineffective assistance of counsel. See Young, 8 S.W.3d at 667. Appellant’s sole issue is
overruled.
          The judgment of the trial court is affirmed.
 
                                                                           FEDERICO G. HINOJOSA
                                                                           Justice


Do not publish. Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed this the
12th day of August, 2004.