Opinion issued January 13, 2005
     













In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00171-CR
NO. 01-03-00172-CR




JASON ERIC GUIDRY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause Nos. 930281, 913534




O P I N I O N
          Appellant, Jason Eric Guidry, was charged by separate indictments with two
offenses of aggravated robbery. Appellant pleaded guilty to both offenses without
an agreed recommendation from the State. After a pre-sentence report was prepared,
the trial court held a sentencing hearing and assessed appellant’s punishment at 30
years in prison for each offense, but ordered the sentences to run concurrently. 
Appellant filed motions for new trial asserting that he received ineffective assistance
of counsel.


 The trial court denied the motions without conducting a hearing. 
          On appeal, in response to appellant’s complaint that the trial court abused its
discretion by failing to hold a hearing on appellant’s motions for new trial, we abated
the appeals and remanded the causes to the trial court for a hearing on his motions for
new trial. The trial court conducted the hearing and denied appellant’s motions. We
ordered the appeals reinstated. Appellant and the State each filed a supplemental
appellate brief. In his sole point of error for both of his convictions, appellant
contends that he was denied the effective assistance of counsel during the “plea
bargain process.” Because appellant has failed to demonstrate any nexus between the
alleged ineffective assistance of counsel concerning plea-bargain negotiations and the
judgment of guilt, appellant has waived the right to appeal his conviction. We affirm. 
Background
          On October 3, 2002, the State offered a plea bargain of 15 years in prison to
run concurrently for appellant’s two offenses. According to appellant’s trial attorney,
the offer was conveyed to appellant that day, while appellant was in court. The plea-bargain offer remained open until the next day, October 4, 2004, when appellant
appeared in court and rejected the offer, which the State then withdrew. The October
4, 2002 reset form, which was signed by the Assistant District Attorney, appellant’s
trial attorney and appellant, had a handwritten note stating, “[Defendant] rejected 15
yrs [sic] TDC


 [;] offer [is] withdrawn[.] State to file additional charges. 40 [sic] yrs
[sic] TDC - motion to stack.” 
          Later that same day, appellant changed his mind and decided that he wished to
accept the State’s plea-bargain offer. Appellant contacted his attorney, who visited
him in jail. When appellant’s attorney told appellant that the 15-year plea-bargain
offer was no longer available, appellant said that he would plead guilty to 20 years
in prison. The State, however, refused to offer 20 years in prison, offering instead
only a plea bargain of 40 years in prison, to run concurrently. Appellant pleaded
guilty to both offenses on December 2, 2002, without an agreed recommendation
from the State, and received concurrent sentences of 30 years in prison from the trial
court.
          At the hearing on the motion for new trial conducted by the trial court after we
abated the appeal, the trial court considered evidence in the form of affidavits from
appellant, appellant’s trial attorney, and the State’s attorney. Appellant’s affidavit
acknowledged that he received and rejected the 15-year plea-bargain offer on October
4, 2002. Appellant’s affidavit is silent concerning any events that may or may not
have transpired on October 3, 2002, but asserts that his trial counsel was ineffective
by not conveying the appellant’s accepted plea-bargain offer of 20 years in prison, to
run concurrently, before November 15, 2002, when it was withdrawn and replaced
with a new plea-bargain offer of 30 years in prison. On December 2, 2002, when
appellant’s case was scheduled to go to trial, appellant pleaded guilty because,
according to appellant’s affidavit: “I was not dressed for trial and Mr. Duer told me
that I could have my trial, I could take the 30 years or I could plead to a pre-sentence
investigation. I decided to plead to the pre-sentence investigation.” 
          The State’s attorney and appellant’s trial attorney both stated that they did not
recall that any 20-year prison offer by the State had ever been made, and both recalled
that, after appellant rejected the 15-year plea-bargain offer on October 4, 2002, the
only plea-bargain offer made was an offer of 40 years in prison, to run concurrently. 
Appellant’s trial attorney stated that he conveyed all plea-bargain offers to appellant. 
Following the hearing, the trial court denied appellant’s motion for new trial. 
          Appellant’s issue in this appeal states generally that he complains of ineffective
assistance of counsel during the “plea bargain process.” Appellant specifically
complains of ineffective assistance concerning his counsel’s alleged failure on
October 3 to convey the 15-year plea-bargain offer made by the State; appellant
argues that he lacked sufficient time to consider the offer that he admittedly rejected
on October 4. At the hearing on his motion for new trial, however, appellant
complained of ineffective assistance of counsel that occurred around November 15,
2002, when the State allegedly withdrew the 20-year plea-bargain offer that appellant
had purportedly accepted.Waiver of Right to Appeal In its reply brief, the State contends that any alleged errors concerning the “plea
bargain process” have been waived by appellant’s pleas of guilty because the
complaints of ineffective assistance of counsel have no nexus with appellant’s pleas
of guilty. Whether entered with or without an agreed recommendation of punishment
by the State, a valid plea of guilty or nolo contendere waives, or forfeits, the right to
appeal a claim of error only when the judgment of guilt was rendered independently
of, and is not supported by, the alleged error. Young v. State, 8 S.W.3d 656, 666-67
(Tex. Crim. App. 2000) (holding that because judgment of Young’s guilt was not
rendered independently of trial court’s ruling on motion to suppress evidence of
offense, and judgment would not be supported without that evidence, error not
waived by plea of guilty). 
          There must usually be a nexus—temporal or otherwise—between the error and
the judgment of guilt. Sanchez v. State, 98 S.W.3d 349, 353 (Tex. App.—Houston
[1st Dist.] 2003, pet. ref’d) (holding that appellant’s plea of guilty was not rendered
independently of trial court’s ruling on motion to reveal identity of confidential
informant and that error was thus not waived by plea of guilty, because informant’s
testimony was relevant to and needed for defense to prosecution); but see Brink v.
State, 78 S.W.3d 478, 484 (Tex. App.—Houston [14th Dist.] 2001, pet. ref’d)
(holding that Brink waived right to appeal complaint that trial court erred by
substituting his trial counsel because Brink pleaded guilty two and a half months after
substitution-of-counsel-ruling and appellant showed no direct nexus between
substitution-of-counsel-ruling and appellant’s plea of guilty); see also Ramirez v.
State, 89 S.W.3d 222, 228, 232 (Tex. App.—Corpus Christi 2002, no pet.) (holding
that Ramirez waived right to appeal because no nexus between failure to disclose
medical evidence that allegedly violated Brady


 and appellant’s plea of guilty).           Allegations of ineffective assistance of counsel may or may not have a direct
nexus with a defendant’s plea of guilty. Martinez v. State, 109 S.W.3d 800, 803 (Tex.
App.—Corpus Christi 2003, pet. ref’d) (holding that right to appeal claim of
ineffective assistance of counsel alleging that counsel failed to convey plea
negotiations timely and adequately inform of consequences of pleading guilty to jury
for sentencing waived, because plea of guilty to jury was independent of and not
supported by alleged ineffective assistance of counsel claims). A judgment of guilt
is rendered independently of the alleged error when the alleged grounds of ineffective
assistance of counsel are not related to the plea of guilty. See id.; Jordan v. State, 112
S.W.3d 345, 347 (Tex. App.—Corpus Christi 2003, pet. ref’d) (holding that right to
appeal claim of ineffective assistance of counsel alleging that counsel had
disqualifying conflict of interest waived because record did not show that Jordan
would have pleaded not guilty but for alleged conflict of interest).


 
          Our research has revealed that only one of our sister courts has issued a
published opinion ruling that the defendant did not waive his claim of ineffective
assistance of counsel by pleading guilty. Champion v. State, 126 S.W.3d 686, 691
(Tex. App.—Amarillo 2004, pet. ref’d). In Champion, the court held that
Champion’s plea of guilty did not waive his right to appeal because Champion
alleged that his counsel was ineffective by promising him probation if he pleaded
guilty and by not communicating a plea-bargain offer. Id. The court did not,
however, explain the relationship between the failure to convey the plea-bargain offer
and the plea of guilty. Id. Likewise, the court did not explain whether there was any
nexus, temporal or otherwise, between the failure to convey the plea-bargain offer
and the plea of guilty. Id. Accordingly, Champion provides no guidance concerning
whether appellant’s guilty plea waived the alleged errors here concerning plea-bargain discussions.
          Appellant has never asserted that his decision to plead guilty was related in any
way to the alleged ineffectiveness of trial counsel. As well, nothing in the record
shows that appellant would have pleaded not guilty, but for his counsel’s alleged
ineffectiveness.


 The record demonstrates no temporal nexus between the alleged
ineffective assistance of counsel concerning either the 15-year prison offer allegedly
not conveyed on October 3, or the alleged acceptance of the 20-year plea-bargain
offer before November 15 and appellant’s plea of guilty on December 2. Instead,
appellant’s affidavit states that he chose to plead guilty without an agreed
recommendation, but with a pre-sentence report, rather than go to trial on December
2. Appellant does not assert that his plea of guilty on December 2 was related in any
way to the plea bargaining that occurred at least two weeks before his plea of guilty. 
          We hold that appellant has waived any right to appeal his complaint of
ineffective assistance of counsel because the judgment of guilt was rendered
independently of, and was not supported by, the alleged ineffectiveness of appellant’s
trial counsel concerning plea-bargain negotiations that occurred over two weeks
before appellant pleaded guilty. See Young, 8 S.W.3d at 667; See Martinez, 109
S.W.3d at 803. 
          We overrule appellant’s sole point of error.
 
 
 
 
 
 
 
 
 
 
 
Conclusion
We affirm the judgments of the trial court.



 
 
 

                                                             Elsa Alcala
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Keyes and Alcala.
Publish. Tex. R. App. P. 47.4.