NUMBER 13-04-276-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG  

 

SANTOS CONTRERAS,                                                                  Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                 Appellee.

 

On appeal from the 94th District
Court of Nueces County, Texas.

 

MEMORANDUM OPINION

 

         Before
Chief Justice Valdez and Justices Hinojosa and Yañez

                            Memorandum
Opinion by Justice Yañez

 

On May 10, 2004, appellant, Santos Contreras,
entered an Aopen@ plea on an attempted capital murder[1]
charge and the trial court assessed his punishment at life imprisonment.  In a single issue, he contends that the trial
court abused its discretion in not granting his motion for new trial because of
ineffective assistance of counsel.  We
affirm.








The record contains the trial court=s certification that this is not a plea-bargain case
and the defendant has the right of appeal.[2]

As this is a memorandum opinion not designated for
publication and the parties are familiar with the facts, we will not recite
them here except as necessary to advise the parties of the Court=s decision and the basic reasons for it.[3]

Standard of Review

An appellate court reviews a trial court's denial of
a motion for new trial under an abuse of discretion standard.[4]  It is not to substitute its  judgment for that of the trial court, but to
decide whether the trial court's decision was arbitrary or unreasonable.[5]


Analysis

In appellant=s sole issue, he asserts that the trial court abused
its discretion in not granting his motion for new trial because of ineffective
assistance of counsel.  Specifically,
appellant contends his counsel was ineffective because he failed to explain the
AState=s offer of thirty . . . years as opposed to an open
plea prior to trial.@  In contrast,
the State argues that because appellant pleaded guilty without a plea
recommendation, he waived this issue on appeal. 
Therefore, as a preliminary matter, we must address whether appellant
waived this issue when he pleaded guilty. 









Waiver of all non-jurisdictional defects that
occurred before a guilty plea entered without the benefit of an agreed
sentencing recommendation, other than the voluntariness of the plea, occurs
when the judgment of guilt was rendered independent of, and is not supported
by, the claimed error.[6]  Thus, we must first address whether the
alleged error occurred before appellant entered his plea.

The record reflects that prior to entering an open
plea, appellant signed a written statement that he (1) was satisfied with his
trial counsel=s representation, (2) understood the court=s admonishments, and (3) was guilty of the charged
offense.  

At the plea hearing, the court asked appellant,
prior to his actual plea, whether he understood all that was taking place and
whether his trial counsel had adequately explained the plea to him.  Appellant responded that (1) he understood
his interpreter, (2) he understood his trial counsel=s Spanish, (3) he understood the proceedings at the
plea hearing, and (4) it was his decision to plead guilty.  

At the hearing on appellant=s motion for new trial, appellant=s trial counsel testified that prior to the plea
hearing, he had explained the implications of an open plea and the written
admonishments to appellant, as well as the applicable range of punishment.
Additionally, appellant=s testimony at the hearing also reflects that he had
always intended to enter a plea of guilty. 









Although appellant characterizes the issue on appeal
as a challenge to the trial court=s denial of his motion for new trial, a proceeding
that occurred after the plea, the entirety of his complaint in his motion for
new trial and on appeal is based on alleged ineffectiveness that occurred prior
to appellant=s plea. Additionally, appellant does not argue on
appeal that his guilty plea was involuntary. On these facts, we conclude that Young[7]
applies to our review of appellant=s claim.  We
must therefore determine if the judgment of guilt was rendered independent of,
and is not supported by, the claimed error.[8]  That is, we analyze whether the alleged
ineffectiveness of counsel has a direct nexus with appellant=s guilt or innocence.[9]

Here, appellant=s claim is only that his counsel failed to explain
the consequences of his open plea.  There
is no evidence that appellant would have pleaded not guilty had it not been for
his counsel=s alleged ineffectiveness.  We therefore find that the judgment of guilt
was rendered independent of, and is not supported by, the alleged ineffective
assistance of counsel claimed by appellant. 
Accordingly, we hold that appellant, by pleading guilty without an
agreed punishment recommendation, waived any complaint of ineffective
assistance.  Appellant=s sole issue is overruled.

The judgment of the trial court is affirmed.                                     

 

 

____________________

LINDA REYNA YAÑEZ,

Justice

 

Do not publish.                                              

Tex.R.App.P. 47.2(b)

 

Memorandum Opinion delivered and 

filed this the 21st day of July, 2005.











[1]  See Tex.
Pen. Code Ann. '' 15.01, 19.03 (Vernon 2004 and
Supp. 2004-05).





[2] 
See Tex. R. App. P. 25.2(a)(2).





[3] 
See Tex. R. App. P. 47.4.





[4] 
See Charles v. State, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004).





[5]  See id.





[6] 
Martinez v. State, 109 S.W.3d 800, 801 (Tex. App.BCorpus Christi 2003, pet. ref'd)
(citing Young v. State, 8 S.W.3d 656, 666‑67 (Tex. Crim. App.
2000) (en banc)).





[7] 
See Young, 8 S.W.3d at 666-67. 





[8] 
See id.





[9] 
See Martinez, 109 S.W.3d at 803.