NUMBERS 13-06-222-CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


STERLING LADEN EMERSON, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 
 

On appeal from the 21st District Court of Bastrop County, Texas

 


MEMORANDUM OPINION


Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Garza



 Appellant, Sterling Laden Emerson, was indicted for murder. Tex. Pen. Code Ann.
§ 19.02 (Vernon 2003). Without the benefit of a plea agreement, appellant pled guilty to
the offense of murder and was sentenced by jury to life imprisonment. 

 By three issues appellant claims: (1) article 1.051 of the Texas Code of Criminal
Procedure violates the Equal Protection Clause of the United States and Texas
Constitutions, (2) the trial court abused its discretion in admitting appellant's confessional
statement because the statement was not voluntarily given due to appellant's intoxication,
and (3) he received ineffective assistance of counsel. We affirm.

I. Factual and Procedural Background

 On the night of May 4, 2005, Brian Fore, Brittany Fore, and their baby went to the
"hobo camp." (1) Brian was known to law enforcement to be a thief, drug user, and drug
dealer. Brittany testified that a party was in progress and that people, including she and
Brian, were doing drugs and drinking beer. At the "hobo camp," Brittany also saw appellant
smoking methamphetamine out of a light bulb. The party lasted through the night and into
the early morning. 

 On the morning of May 5, 2005, the Fores prepared to leave the "hobo camp." Brian
prepared the car seat while Brittany held the baby. After Brian secured the car seat,
appellant emerged from the woods and stepped between Brian and Brittany. From point-blank range, appellant shot Brian in the head with a .22 caliber pistol. Brian died instantly. 
Officer Curtis Leon Davis, Jr., testified there was no indication of a previous altercation
between Brian and appellant. After obtaining a description of the suspect, police arrested
appellant as he was walking down a street close to the crime scene. Later that day, while
allegedly under the influence of voluntarily consumed narcotics, and after having been read
his Miranda rights, appellant gave a videotaped statement and signed a written statement
confessing to the murder of Brian Fore. See Miranda v. Arizona, 384 U.S. 436, 460 (1966). 
Appellant then assisted law enforcement by leading officers to the country back road where
he had disposed of the weapon. 

 On May 6, 2005, appellant was magistrated by Justice of the Peace Raymah M.
Davis. While appellant was being magistrated, he filed an "Affidavit of Indigency" and
requested the assistance of court appointed counsel. On May 9, 2005, after again having
his Miranda rights read to him, appellant gave another videotaped statement to Officer
Davis. Then, on May 11, 2005, at about 2:20 p.m., and prior to the appointment of counsel,
appellant initiated contact with Officer Davis and, after being read his Miranda rights, gave
another videotaped statement, again confessing to having committed the murder. On May
11, 2005, by facsimile transmission at 4:20 p.m., Howard Jenkins was notified that he had
been appointed by the trial court to represent appellant. 

 On February 27, 2006, appellant filed a motion to suppress all evidence, including
any and all oral and written statements on the ground that his statements were not voluntary
due to his intoxicated state at the time they were given. (2) The trial court deferred ruling on
the motion, explaining that a ruling would be made after the trial court saw all the evidence
and after it reviewed applicable case law. Appellant has not directed our attention to
anywhere in the record reflecting that the trial court ruled on his motion. Further, he does
not allege in his brief that the motion was ever ruled on. 

 On February 28, 2006, without a ruling on his motion to suppress, appellant entered
an "open" plea of guilty to the charge of murder and elected to have the jury assess
punishment. The trial court then proceeded with the punishment phase of trial. During the 
punishment hearing, the State moved to admit appellant's May 11th videotaped statement
(State's Exhibit 27-A and 27-B). Outside the presence of the jury, appellant objected to the
evidence on grounds that the statement was obtained prior to appellant having been
appointed counsel. The trial court then heard testimony from the interviewing officer that
appellant initiated the contact with the officer, and was provided a copy of appellant's May
5th "Inmate Request Form" (State's Exhibit 103) showing appellant initiated contact. Then,
on March 1st, in the presence of the jury, appellant re-urged his objection to the admission
of the May 11th videotaped statement. The trial court overruled the objection and admitted
appellant's May 11th videotaped statement into evidence. 

 During the February 28th punishment hearing, and outside the presence of the jury,
appellant objected to the admission of his May 5th written and videotaped statements on
grounds that they were involuntarily given due to intoxication. The record is unclear as to
whether the trial court made a ruling at that time. Nonetheless, appellant renewed his
objections, in the presence of the jury, during the March 1st punishment hearing. The trial
court overruled the objections, and the written statement (State's Exhibit 2) and videotaped
statement obtained May 5th (State's Exhibits 1-A and 1-B) were admitted. The jury
sentenced appellant to life imprisonment. Appellant did not file a motion for new trial. This
appeal ensued. 

II. Plea of Guilty

 Because appellant pled guilty without the benefit of a sentencing recommendation,
he waived the right to appeal any non-jurisdictional defects that occurred before the entry
of the plea, other than the voluntariness of his plea. See Perez v. State, 129 S.W.3d 282,
288 (Tex. App.-Corpus Christi 2004, no pet.) (citing Lewis v. State, 911 S.W.2d 1, 4-5 (Tex.
Crim. App. 1995); Broddus v. State, 693 S.W.2d 459, 460-61 (Tex. Crim. App. 1985));
Martinez v. State, 109 S.W.3d 800, 801 (Tex. App.-Corpus Christi 2003, pet. ref'd). 
However, if the judgment was not rendered independently of potential error occurring before
entry of the plea, appellant may appeal that error. See Young v. State, 8 S.W.3d 656,
666-67 (Tex. Crim. App. 2000); Perez, 129 S.W.3d at 288 (citing Monreal v. State, 99
S.W.3d 615, 619 (Tex. Crim. App. 2003)); Jordan v. State, 112 S.W.3d 345, 347 (Tex.
App.-Corpus Christi 2003, pet. ref'd). In addition, a defendant who makes an "open" plea
of guilty can appeal rulings on written motions and jurisdictional issues. Tex. R. App. P.
25.2; see Young, 8 S.W.3d at 666-67. 

III. Texas Code of Criminal Procedure Article 1.051

 In his first issue, appellant claims article 1.051(c), as applied to him, violates the
Equal Protection Clause of the United States and Texas Constitutions. See U.S. Const.
amend. VI; Tex. Const. art. I § 10; Tex. Code Crim. Proc. Ann. art. 1.051 (Vernon 2005). (3) Article 1.051(c) provides:

(c) An indigent defendant is entitled to have an attorney appointed to
represent him in any adversary judicial proceeding that may result in
punishment by confinement and in any other criminal proceeding if the court
concludes that the interests of justice require representation. Except as
otherwise provided by this subsection, if an indigent defendant is entitled to
and requests appointed counsel and if adversarial judicial proceedings have
been initiated against the defendant, a court or the courts' designee
authorized under Article 26.04 to appoint counsel for indigent defendants in
the county shall appoint counsel as soon as possible, but not later than the
third working day after the date on which the court or the courts' designee
receives the defendant's request for appointment of counsel. In a county with
a population of 250,000 or more, the court or the courts' designee shall
appoint counsel as required by this subsection as soon as possible, but not
later than the end of the first working day after the date on which the court or
courts' designee receives the defendant's request for appointment of counsel. 
 

Tex. Code Crim. Proc. Ann. art. 1.051(c). 

 

 The proceedings in this case took place in Bastrop County. In 2005, the United
States Census Bureau listed the population of Bastrop County as 69,932. Following the
guidelines set forth in article 1.051(c), the court or courts' designee was required to appoint
counsel for appellant within three working days following receipt of appellant's request
because the population of Bastrop County is less than 250,000. On Friday, May, 6, 2005,
after appellant was arrested, he was taken before the magistrate where he filed an Affidavit
of Indigency and requested appointment of counsel. On May 11, 2005, three working days
later, the trial court appointed Howard Jenkins as appellant's counsel. 

 Appellant's complaint is specifically that article 1.051(c) violates the Equal Protection
Clause because it creates two separate and distinct classes of indigent citizens accused
of crimes: (1) one class comprised of indigents arrested in counties with a population of
more than 250,000, who are entitled to the appointment of counsel within one working day
of being magistrated, and (2) a second class comprised of indigents arrested in a county
with a population of less than 250,000, who are entitled to appointment of counsel within
three working days. Appellant contends that the application of the above guidelines entitles
those arrested in counties with populations over 250,000 to "the advice and assistance of
counsel in a more efficient manner than if you are poor and happen to get arrested in a
smaller county." At the heart of appellant's argument is his contention that there is no
reason why an indigent accused, upon request, should not be entitled to the appointment
of counsel at the time he is magistrated. Appellant's attempt to raise an equal protection
clause violation on these grounds is without merit. 

 Texas courts have repeatedly rejected the complaint that the failure to appoint an
attorney prior to being magistrated, where probable cause and indigence are determined,
is error. See Oliver v. State, 995 S.W.2d 878, 880 (Tex. App.-Houston [1st Dist.] 1999) (op.
on remand); Switzer v. State, 809 S.W.2d 781, 783 (Tex. App.-Houston [14th Dist.] 1991,
no pet.); Hernandez v. State, 808 S.W.2d 536, 539 (Tex. App.-Waco 1991, no pet.);
Whittington v. State, 781 S.W.2d 338, 341 (Tex. App.-Houston [14th Dist.] 1989, pet. ref'd). 
Thus, we conclude that article 1.051 does not violate appellant's equal protection rights. (4) 
Appellant's first issue is overruled. (5)
 

IV. Voluntariness of Confessional Statement

 In his second issue, appellant contends that the trial court abused its discretion in
admitting his May 5th statement during the punishment phase of trial because it was not
voluntarily given due to his intoxication. According to appellant, his level of intoxication, due
to heavy drinking and use of methamphetamine during the time leading up to the murder
rendered his confession involuntary. Appellant originally challenged the admission of the
complained-of statement in his pre-trial motion to suppress. However, he never obtained
a ruling on the motion. 

 First and foremost, we note that appellant is not challenging the voluntariness of his
guilty plea. Instead, he is challenging the voluntariness of a statement given at the time of
his arrest, which was introduced into evidence after his guilty plea and during the
punishment phase of trial. Thus, because appellant entered an "open" plea of guilty and
because he is not challenging the voluntariness of his plea, appellant waived the right to
appeal this issue. See Young, 8 S.W.3d at 666-67; Perez, 129 S.W.3d at 288. (6) 

 Moreover, we note that in order for appellant to preserve his right to appeal any issue
regarding his pre-trial motion to suppress, he was required to obtain a ruling. See Tex. R.
App. 33.1; Garza v. State, 126 S.W.3d 79, 84 (Tex. Crim. App. 2004); Coleman v. State,
113 S.W.3d 496, 499 (Tex. App.-Houston [1st Dist.] 2003), aff'd, 145 S.W.3d 649 (Tex.
Crim. App. 2004). As explained above, the record does not indicate that the trial court
either expressly or impliedly ruled on appellant's motion to suppress. Accordingly, appellant
waived any complaint on appeal that his conviction was not rendered independent of, and
was supported by, any arguable error regarding admission of the evidence. See Tex. R.
App. P. 33.1(a); see also Young, 8 S.W.3d at 667; Jordan, 112 S.W.3d at 347. 

 Even if we were to conclude that, by overruling appellant's objection to the admission
of the May 5th statement, the trial court essentially denied appellant's motion to suppress,
we would nonetheless find that any error in the admission was harmless. Tex. R. App. P.
44.2(b). We would conclude that the error was harmless because the same testimony
came in through appellant's May 11th videotaped statement. Further, although appellant
objected to the admission of the May 11th videotaped statement, the objection was not on
voluntariness grounds, and most importantly, appellant has not challenged the admission
of the May 11th videotaped statement on appeal. See Medina v. State, 7 S.W.3d 633, 643
(Tex. Crim. App. 1999) (an objection stating one legal theory may not be used to support
a different legal theory on appeal); Camacho v. State, 864 S.W.2d 524, 533 (Tex. Crim.
App. 1993) (same); see also Leday v. State, 983 S.W.2d 713, 718 (Tex. Crim. App.1998)
(stating that a trial court's erroneous admission of evidence will not require reversal when
other such evidence was received without objection, either before or after the complained-of
ruling). 

 Accordingly, appellant's second issue is overruled. 

V. Ineffective Assistance of Counsel

 In his final issue, appellant argues that his defense counsel provided ineffective
assistance by laboring under a conflict of interest. Specifically, appellant's complaint stems
from the following comment made by defense counsel during closing argument, "I knew
Brian [the murder victim]. I was fond of Brian. He was--he had a sense of humor. He had
an exuberance of life that only comes from being young like that. He had a smile that would
lift your heart."

 Appellant claims that through the above statement, his defense counsel "appears to
be representing a conflicting interest by arguing that the deceased in this murder trial was
a good and loving man that had a sense of humor and an exuberance of life." He suggests
that the statement advances "other interests that are detrimental to appellant's case, the
theory at the beginning of which appeared to be that a drug dealer had been killed." 
Appellant claims the argument could have had a "chilling effect" in making the jury want to
sentence him to the maximum term allowed by law. Appellant admits that the record is
inconclusive as to what defense counsel's motivation was in making the argument, but
nonetheless claims "it cannot be said that this argument coincided with [his] interests at
trial." 

 Allegations of ineffective assistance of counsel may or may not have a direct nexus
with a defendant's plea of guilty. Martinez, 109 S.W.3d at 803 (holding that right to appeal
claim of ineffective assistance of counsel alleging that counsel failed to convey plea
negotiations timely and adequately inform of consequences of pleading guilty to jury for
sentencing waived, because plea of guilty to jury was independent of and not supported by
alleged ineffective assistance of counsel claims). A judgment of guilt is rendered
independently of the alleged error when the alleged grounds of ineffective assistance are
not related to the plea of guilty. See id.; Jordan, 112 S.W.3d at 347 (holding that right to
appeal claim of ineffective assistance of counsel alleging that counsel had disqualifying
conflict of interest waived because record did not show appellant would have pleaded not
guilty but for alleged conflict of interest). 

 Here, appellant does not claim his counsel's alleged ineffectiveness had any bearing
on his decision to plead guilty or that he would have pled not guilty but for the alleged
conflict of interest. See Guidry v. State, 177 S.W.3d 90, 93-94 (Tex. App.-Houston [1st
Dist.] 2005) (op. on remand) (citing Young, 8 S.W.3d at 667; Martinez, 109 S.W.3d at 803). 
Accordingly, we hold that appellant waived any right to appeal his complaint of ineffective
assistance of counsel because the judgment of guilt was rendered independently of, and
was not supported by, the alleged ineffectiveness of defense counsel. 

 Appellant's third issue is overruled. 

VI. Conclusion

 The judgment of the trial court is affirmed. 


 _________________________

 DORI CONTRERAS GARZA,

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 9th day of August, 2007.
1. The "hobo camp" was, in reality, the residence of Brenda Norsworthy. The residence was known by police
as a place where people would party, do drugs, deal drugs, and shoot guns. Brittany testified the reason for
going to the "hobo camp" was to use Brenda Norsworthy's computer. There was also testimony that Brian
was in the process of working as a confidential informant for the government. 
2. The May 5th statement was the subject of appellant's pre-trial motion to suppress, in which he argued that
it was involuntarily given due to his intoxication. Appellant did not contend that his May 11th videotaped
statement was involuntary. Moreover, on appeal, appellant does not challenge the admission of the May 11th
videotaped statement. In fact, appellant concedes any alleged intoxication had worn off by May 11th. In his
second issue, appellant only challenges the admission of the May 5th videotaped statement.
3. To the extent appellant attempts to raise an ineffective assistance claim in this issue, we note that appellant
failed to fully develop this contention. Accordingly, we will not address this complaint. See Tex. R. App. P.
38.1(h).
4. Moreover, we note that those attacking the rationality of a legislative classification have the burden to negate
every conceivable basis that might support it. Tarlton v. State, 93 S.W.3d 168, 176 (Tex. App.-Houston [14th
Dist.] 2002, pet. ref'd) (citing Anderer v. State, 47 S.W.3d 60, 66 (Tex. App.-Houston [14th Dist.] 2001, pet.
ref'd)). A highly deferential standard of review is applied to equal protection claims of this nature. Id. This
standard is extremely respectful of legislative determinations and essentially means a court will not invalidate
a statute unless the statute draws distinctions that simply make no sense. Id. In the present case, appellant
failed to negate every conceivable basis that might support the legislature's intent or purpose behind article
1.051's differing applicability based on population. See id.; see also Tex. R. App. P. 38.1(h). This provides yet
another basis for overruling appellant's first issue.
5. We note that appellant's issue may nonetheless be precluded because he pled guilty, is not claiming that
judgment was not entered independent of the alleged error, and because he is not challenging the
voluntariness of his plea. See Young v. State, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000). In the interest
of justice, we nonetheless address the issue. 

6. Further, we note that appellant does not contend that the judgment of guilt was not entered independent of
the alleged error. See Young, 8 S.W.3d at 666-67 (stating that "a valid plea of guilty or nolo contendere
'waives' or forfeits the right to appeal a claim of error only when the judgment of guilt was rendered
independent of, and is not supported by the error").