

**NUMBERS 13-07-284-CR & 13-07-285-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**CHALON WATKINS,**                                                                **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                **Appellee.**

---

**On appeal from the 130th District Court of Matagorda County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Justice Yañez**

Appellant, Chalon Watkins, entered an "open" plea of guilty to sexual assault of a

child[1] and aggravated sexual assault of a child.[2]  A jury imposed a punishment of ten years'

---

[1] *See* TEX. PENAL CODE ANN. § 22.011 (Vernon Supp. 2007).  In trial court cause number 06-100 (appellate cause number 13-07-284-CR), appellant pleaded guilty to the second-degree felony offense of sexual assault of J.J., a child younger than seventeen years of age.

[2] *See id.* § 22.021 (Vernon Supp. 2007).  In trial court cause number 06-101 (appellate cause number 13-07-285-CR), appellant pleaded guilty to the first-degree felony offense of aggravated sexual assault of

imprisonment and a $5,000 fine for the sexual assault of a child offense and thirty years' imprisonment and a $5,000 fine for the offense of aggravated sexual assault of a child. A motion for new trial was filed in each cause, alleging ineffective assistance of counsel. Following a hearing, the trial court denied both motions. In a single issue, appellant contends he received ineffective assistance of counsel. We affirm.

**Background**

At appellant's punishment hearing, J.J. testified that when she was fifteen years old, appellant gave her cocaine and had consensual sex with her. J.J. became pregnant and had appellant's child. R.V. testified that when she was twelve, she and her brother, mother, and her mother's boyfriend moved into the house where appellant lived with his mother and five or six other adults.[3] R.V. testified that she began having sex with appellant when she was twelve. She married appellant at thirteen, when she was eight months pregnant with his baby. As a result of the investigation of these offenses, appellant was also charged in connection with having a sexual relationship with another under-age female who lived in the house, A.V. (R.V.'s cousin), who was approximately fourteen at the time. The charge regarding A.V. remained pending at the time of appellant's punishment hearing.

Appellant contends he was denied effective assistance of counsel at his punishment hearing. Specifically, he contends his counsel was ineffective for failing to (1) interview more potential witnesses, (2) file pre-trial motions, (3) retain an expert to testify regarding

R.V., a child younger than fourteen years of age.

[3] Appellant's mother, R.V.'s mother, and several other adults living in the house were charged with being aware of the sexual assaults and failing to report or prevent the offenses.

2

appellant's diagnosis of bipolar and attention deficit hyperactivity disorders; and (4) object to the sentences imposed by the jury as cruel and unusual.

### Standard of Review and Applicable Law

To prove ineffective assistance of counsel, appellant must demonstrate that: (1) his counsel's performance was deficient because it fell below an objective standard of reasonableness; and (2) there was a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.[4] In the context of a guilty plea, appellant satisfies the second prong of the *Strickland* test if he shows there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty, but rather would have insisted on going to trial.[5]

There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and we will sustain allegations of ineffectiveness only if they are firmly founded in the record.[6] We also indulge a strong presumption that counsel's actions were motivated by sound trial strategy, and we will not conclude the action was deficient unless it was so outrageous that no competent attorney would have engaged in such conduct.[7] We look to the totality of the representation and not to isolated instances of error or to only a portion of the proceedings.[8] In the absence of evidence

---

[4] *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005).

[5] *Ex parte Moody*, 991 S.W.2d 856, 857-58 (Tex. Crim. App. 1999).

[6] *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

[7] *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

[8] *Id.*

regarding counsel's reasons for the challenged conduct, the record on direct appeal is simply undeveloped and cannot adequately reflect the alleged failings of trial counsel.[9]

Where, as here, a motion for new trial alleges ineffective assistance of counsel, we must determine whether the trial court's determination of the ineffective assistance claim and denial of the motion for new trial were clearly wrong and outside the zone of reasonable disagreement.[10]

Because appellant pleaded guilty without the benefit of a sentencing recommendation, he waived the right to appeal any non-jurisdictional defects that occurred before the entry of the plea, other than the voluntariness of his plea.[11]  However, if the judgment was not rendered independently of potential error occurring before entry of the plea, appellant may appeal that error.[12]

Allegations of ineffective assistance of counsel may or may not have a direct nexus with a defendant's plea of guilty.[13]  A judgment of guilt is rendered independently of the alleged error (and the alleged error is therefore waived) when the alleged grounds of

---

[9] *Freeman v. State*, 125 S.W.3d 505, 506-07 (Tex. Crim. App. 2003).

[10] *Anderson v. State*, 193 S.W.3d 34, 39 (Tex. App.–Houston [1st Dist.] 2006, pet. ref'd).

[11] *See Perez v. State*, 129 S.W.3d 282, 288 (Tex. App.–Corpus Christi 2004, no pet.) (citing *Lewis v. State*, 911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995); *Broddus v. State*, 693 S.W.2d 459, 460-61 (Tex. Crim. App. 1985)); *Martinez v. State*, 109 S.W.3d 800, 801 (Tex. App.–Corpus Christi 2003, pet. ref'd).

[12] *See Young v. State*, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); *Perez*, 129 S.W.3d at 288 (citing *Monreal v. State*, 99 S.W.3d 615, 619 (Tex. Crim. App. 2003)); *Jordan v. State*, 112 S.W.3d 345, 347 (Tex. App.–Corpus Christi 2003, pet. ref'd).

[13] *Martinez*, 109 S.W.3d at 803 (holding that right to appeal claim of ineffective assistance of counsel alleging that counsel failed to timely convey plea negotiations and adequately inform defendant of consequences of pleading guilty to jury for sentencing was waived, because plea of guilty to jury was independent of and not supported by alleged ineffective assistance of counsel claims).

ineffective assistance are not related to the plea of guilty.[14]

Here, appellant does not claim that his counsel's alleged ineffectiveness had any bearing on his decision to plead guilty or that he would have pleaded not guilty but for his counsel's ineffectiveness.[15]   Appellant's complaints of ineffectiveness that arguably occurred before the entry of the plea are the alleged failures to interview more potential witnesses and file "pretrial motions."  Appellant does not identify any pretrial motions his counsel should have filed, nor does he state that but for counsel's failure to do so, he would not have pleaded guilty.  Similarly, appellant's testimony at his motion-for-new-trial hearing did not suggest that he would not have pleaded guilty if his counsel had interviewed and called more witnesses to testify at his punishment hearing.  Accordingly, we hold that appellant waived any right to appeal his complaint of ineffective assistance of counsel regarding the alleged failures to file pretrial motions and interview more witnesses because the judgment of guilt was rendered independently of, and was not supported by, the alleged ineffectiveness of defense counsel.

Even if appellant's guilty plea had not waived his right to complain of ineffective assistance, we conclude his complaints are without merit.  At appellant's motion-for-new-trial hearing, his counsel testified that he contacted all the witnesses appellant asked him to contact.  Counsel testified that in some instances, witnesses appellant identified were not available to testify; in some instances, witnesses were not called because they were

---

[14] *See id.*; *Jordan*, 112 S.W.3d at 347 (holding that right to appeal claim of ineffective assistance of counsel alleging that counsel had disqualifying conflict of interest was waived because record did not show appellant would have pleaded not guilty but for alleged conflict of interest).

[15] *See Guidry v. State*, 177 S.W.3d 90, 93-94 (Tex. App.–Houston [1st Dist.] 2005, no pet.) (op. on remand) (citing *Young*, 8 S.W.3d at 667; *Martinez*, 109 S.W.3d at 803).

charged co-defendants, and some were not called because they had criminal records. A trial court enjoys broad discretion to consider the credibility of the witnesses at a motion for new trial hearing and may consider the interests and bias of any witness.[16] In addition, when appellant was asked how testimony from any of the identified witnesses would have changed the outcome, he testified only that they could have testified as to his "character," and that such testimony "maybe" or "might have" had an effect on the jury. We conclude appellant failed to establish the second prong of *Strickland* because he failed to show in reasonable probability that, but for counsel's errors, the result of his proceeding would have been different.[17]

As to his counsel's failure to retain an expert to testify regarding appellant's bipolar and attention deficit hyperactivity disorders, appellant testified that such information "might have" assisted the jury in its determination of his sentence. He testified he did not ask his counsel to contact a doctor to testify regarding his disabilities.[18] We cannot say that counsel's supposed failure to retain an expert regarding appellant's disabilities affected the outcome. The record does not reflect what such an expert's testimony would have been. Thus, we are unable to determine if any failure to employ such an expert would have made a difference in appellant's determination to plead guilty or in the outcome of his punishment

---

[16] *See Valle v. State*, 963 S.W.2d 904, 908 (Tex. App.–Texarkana 1998, pet. ref'd).

[17] *See Strickland*, 466 U.S. at 694; *Thompson*, 9 S.W.3d at 812.

[18] We also note that appellant's counsel elicited testimony at the punishment hearing regarding appellant's diagnosis as experiencing manic depressive, bipolar, and A.D.H.D. disorders. At the motion for new trial hearing, appellant's counsel was not asked about his failure to contact an expert regarding appellant's disabilities. He was asked only whether he was aware of appellant's diagnosis as having bipolar and A.D.H.D. conditions; counsel stated he was aware of the conditions and that he presented the information to the jury at punishment. As noted, the record confirms that counsel did so. Counsel was also asked whether appellant was competent to stand trial; counsel stated that in his opinion, appellant was competent.

hearing.

Finally, with regard to counsel's failure to object to appellant's punishment as "cruel and unusual," we note that any punishment within the applicable range is not excessive or cruel and unusual.[19] Appellant's sentences and fines are within the statutory range and do not appear to be extreme instances in which a sentence within the permissible range is nonetheless grossly disproportionate to the crime committed.[20]

## Conclusion

Appellant has not satisfied his burden to show that he received ineffective assistance of counsel. He failed to establish that his counsel's conduct fell below a reasonable standard of competence or that but for his counsel's errors, he would not have pleaded guilty.[21]

We affirm the trial court's judgments.

LINDA REYNA YAÑEZ,
Justice

Do not publish. TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered and filed
this the 14th day of August, 2008.

---

[19] *See Nunez v. State,* 110 S.W.3d 681, 682 (Tex. App.–Corpus Christi 2003, no pet.); *Morales v. State*, 897 S.W.2d 424, 427 (Tex. App.–Corpus Christi 1995, pet. ref'd).

[20] *See* TEX. PENAL CODE ANN. § 12.33 (Vernon 2003) (providing punishment for second-degree felony as not more than twenty years or less than two years, plus fine not to exceed $10,000); *id.* at § 12.32 (Vernon 2003) (providing punishment for first-degree felony as not more than 99 years or less than five years, plus fine not to exceed $10,000); *see Lockyer v. Andrade*, 538 U.S. 63, 72-73 (2003).

[21] *See Ex parte Moody*, 991 S.W.2d at 857-58.