Jason Eric GUIDRY, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–03–00171–CR, 01–03–00172–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 13, 2005.

Mark A. Rubal, Houston, TX, for Appellant.

Dan McCrory, Assistant District Attorney, Charles A. Rosenthal, Jr., District Attorney–Harris County, Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices KEYES and ALCALA.

## OPINION

ELSA ALCALA, Justice.

Appellant, Jason Eric Guidry, was charged by separate indictments with two offenses of aggravated robbery. Appellant pleaded guilty to both offenses without an agreed recommendation from the State. After a pre-sentence report was prepared, the trial court held a sentencing hearing and assessed appellant's punishment at 30 years in prison for each offense, but ordered the sentences to run concurrently. Appellant filed motions for new trial asserting that he received ineffective assistance of counsel.[1] The trial court denied the motions without conducting a hearing.

On appeal, in response to appellant's complaint that the trial court abused its discretion by failing to hold a hearing on appellant's motions for new trial, we abated the appeals and remanded the causes to the trial court for a hearing on his motions for new trial. The trial court conducted the hearing and denied appellant's motions. We ordered the appeals reinstated. Appellant and the State each filed a sup-

---

1. To prevail on a claim of ineffective assistance of counsel, appellant must demonstrate that (1) counsel's representation fell below an objective standard of reasonableness based on prevailing professional norms, and that (2) but for counsel's errors, there is a reasonable probability the result of the proceeding would have been different. *See Strickland v. Washington,* 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 2064–65, 2068, 80 L.Ed.2d 674 (1984); *Bone v. State,* 77 S.W.3d 828, 833 (Tex.Crim. App.2002).

plemental appellate brief. In his sole point of error for both of his convictions, appellant contends that he was denied the effective assistance of counsel during the "plea bargain process." Because appellant has failed to demonstrate any nexus between the alleged ineffective assistance of counsel concerning plea-bargain negotiations and the judgment of guilt, appellant has waived the right to appeal his conviction. We affirm.

## Background

On October 3, 2002, the State offered a plea bargain of 15 years in prison to run concurrently for appellant's two offenses. According to appellant's trial attorney, the offer was conveyed to appellant that day, while appellant was in court. The plea-bargain offer remained open until the next day, October 4, 2004, when appellant appeared in court and rejected the offer, which the State then withdrew. The October 4, 2002 reset form, which was signed by the Assistant District Attorney, appellant's trial attorney and appellant, had a handwritten note stating, "[Defendant] rejected 15 yrs [sic] TDC [2][;] offer [is] withdrawn[.] State to file additional charges. 40 [sic] yrs [sic] TDC—motion to stack."

Later that same day, appellant changed his mind and decided that he wished to accept the State's plea-bargain offer. Appellant contacted his attorney, who visited him in jail. When appellant's attorney told appellant that the 15–year plea-bargain offer was no longer available, appellant said that he would plead guilty to 20 years in prison. The State, however, refused to offer 20 years in prison, offering instead only a plea bargain of 40 years in prison, to run concurrently. Appellant pleaded guilty to both offenses on December 2, 2002, without an agreed recommendation from the State, and received concurrent sentences of 30 years in prison from the trial court.

At the hearing on the motion for new trial conducted by the trial court after we abated the appeal, the trial court considered evidence in the form of affidavits from appellant, appellant's trial attorney, and the State's attorney. Appellant's affidavit acknowledged that he received and rejected the 15–year plea-bargain offer on October 4, 2002. Appellant's affidavit is silent concerning any events that may or may not have transpired on October 3, 2002, but asserts that his trial counsel was ineffective by not conveying the appellant's accepted plea-bargain offer of 20 years in prison, to run concurrently, before November 15, 2002, when it was withdrawn and replaced with a new plea-bargain offer of 30 years in prison. On December 2, 2002, when appellant's case was scheduled to go to trial, appellant pleaded guilty because, according to appellant's affidavit: "I was not dressed for trial and Mr. Duer told me that I could have my trial, I could take the 30 years or I could plead to a pre-sentence investigation. I decided to plead to the pre-sentence investigation."

The State's attorney and appellant's trial attorney both stated that they did not recall that any 20–year prison offer by the State had ever been made, and both recalled that, after appellant rejected the 15–year plea-bargain offer on October 4, 2002, the only plea-bargain offer made was an offer of 40 years in prison, to run concurrently. Appellant's trial attorney stated that he conveyed all plea-bargain offers to appellant. Following the hearing, the trial court denied appellant's motion for new trial.

---

**2.** TDC are initials for the Texas Department of Corrections, now known as the Texas Department of Criminal Justice Institutional Division.

Appellant's issue in this appeal states generally that he complains of ineffective assistance of counsel during the "plea bargain process." Appellant specifically complains of ineffective assistance concerning his counsel's alleged failure on October 3 to convey the 15–year plea-bargain offer made by the State; appellant argues that he lacked sufficient time to consider the offer that he admittedly rejected on October 4. At the hearing on his motion for new trial, however, appellant complained of ineffective assistance of counsel that occurred around November 15, 2002, when the State allegedly withdrew the 20–year plea-bargain offer that appellant had purportedly accepted.

### Waiver of Right to Appeal

■ In its reply brief, the State contends that any alleged errors concerning the "plea bargain process" have been waived by appellant's pleas of guilty because the complaints of ineffective assistance of counsel have no nexus with appellant's pleas of guilty. Whether entered with or without an agreed recommendation of punishment by the State, a valid plea of guilty or nolo contendere waives, or forfeits, the right to appeal a claim of error only when the judgment of guilt was rendered independently of, and is not supported by, the alleged error. *Young v. State*, 8 S.W.3d 656, 666–67 (Tex.Crim. App.2000) (holding that because judgment of Young's guilt was not rendered independently of trial court's ruling on motion to suppress evidence of offense, and judgment would not be supported without that evidence, error not waived by plea of guilty).

■ There must usually be a nexus— temporal or otherwise—between the error and the judgment of guilt. *Sanchez v. State*, 98 S.W.3d 349, 353 (Tex.App.-Houston [1st Dist.] 2003, pet. ref'd) (holding that appellant's plea of guilty was not rendered independently of trial court's ruling on motion to reveal identity of confidential informant and that error was thus not waived by plea of guilty, because informant's testimony was relevant to and needed for defense to prosecution); *but see Brink v. State*, 78 S.W.3d 478, 484 (Tex. App.-Houston [14th Dist.] 2001, pet. ref'd) (holding that Brink waived right to appeal complaint that trial court erred by substituting his trial counsel because Brink pleaded guilty two and a half months after substitution-of-counsel-ruling and appellant showed no direct nexus between substitution-of-counsel-ruling and appellant's plea of guilty); *see also Ramirez v. State*, 89 S.W.3d 222, 228, 232 (Tex.App.-Corpus Christi 2002, no pet.) (holding that Ramirez waived right to appeal because no nexus between failure to disclose medical evidence that allegedly violated *Brady*[3] and appellant's plea of guilty). Allegations of ineffective assistance of counsel may or may not have a direct nexus with a defendant's plea of guilty. *Martinez v. State*, 109 S.W.3d 800, 803 (Tex.App.-Corpus Christi 2003, pet. ref'd) (holding that right to appeal claim of ineffective assistance of counsel alleging that counsel failed to convey plea negotiations timely and adequately inform of consequences of pleading guilty to jury for sentencing waived, because plea of guilty to jury was independent of and not supported by alleged ineffective assistance of counsel claims). A judgment of guilt is rendered independently of the alleged error when the alleged grounds of ineffective assistance of counsel are not related to the plea of guilty. *See id.; Jordan v. State*, 112 S.W.3d 345, 347 (Tex.App.-Corpus Christi 2003, pet. ref'd) (holding that right to appeal claim of inef-

---

**3.** *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

fective assistance of counsel alleging that counsel had disqualifying conflict of interest waived because record did not show that Jordan would have pleaded not guilty but for alleged conflict of interest).[4]

Our research has revealed that only one of our sister courts has issued a published opinion ruling that the defendant did not waive his claim of ineffective assistance of counsel by pleading guilty. *Champion v. State*, 126 S.W.3d 686, 691 (Tex.App.-Amarillo 2004, pet. ref'd). In *Champion*, the court held that Champion's plea of guilty did not waive his right to appeal because Champion alleged that his counsel was ineffective by promising him probation if he pleaded guilty and by not communicating a plea-bargain offer. *Id.* The court did not, however, explain the relationship between the failure to convey the plea-bargain offer and the plea of guilty. *Id.* Likewise, the court did not explain whether there was any nexus, temporal or otherwise, between the failure to convey the plea-bargain offer and the plea of guilty. *Id.* Accordingly, *Champion* provides no guidance concerning whether appellant's guilty plea waived the alleged errors here concerning plea-bargain discussions.

■ Appellant has never asserted that his decision to plead guilty was related in any way to the alleged ineffectiveness of trial counsel. As well, nothing in the record shows that appellant would have pleaded not guilty, but for his counsel's alleged ineffectiveness.[5] The record demonstrates no temporal nexus between the alleged ineffective assistance of counsel concerning either the 15-year prison offer allegedly not conveyed on October 3, or the alleged acceptance of the 20-year plea-bargain offer before November 15 and appellant's plea of guilty on December 2. Instead, appellant's affidavit states that he chose to plead guilty without an agreed recommendation, but with a pre-sentence report, rather than go to trial on December 2. Appellant does not assert that his plea of guilty on December 2 was related in any way to the plea bargaining that occurred at least two weeks before his plea of guilty. We hold that appellant has waived any right to appeal his complaint of ineffective assistance of counsel because the judgment of guilt was rendered independently of, and was not supported by, the alleged ineffectiveness of appellant's trial counsel concerning plea-bargain negotiations that occurred over two weeks before appellant pleaded guilty. *See Young*, 8 S.W.3d at 667; *See Martinez*, 109 S.W.3d at 803.

---

**4.** A few unpublished cases from our sister appeals courts apply the *Young* standard to ineffective assistance of counsel claims. *See McDaniel v. State*, No. 13-03-00752-CR, 2004 WL 1834408, at *1-2 (Tex.App.-Corpus Christi, Aug. 12, 2004, no pet.) (applying *Young* standard and holding that error waived and judgment rendered was independent of and not supported by alleged ineffective assistance of counsel because no evidence showed that appellant would have pleaded not guilty but for alleged ineffectiveness); *see also Latham v. State*, No. 04-03-00144-CR, 2003 WL 22902972, at *1 (Tex.App.-San Antonio, Dec. 10, 2003, no pet.) (holding same); *but see Jackson v. State*, No. 13-99-612-CR, 2000 WL 34415410, at *2 (Tex.App.-Corpus Christi, Aug. 31, 2000) (not designated for publication), *aff'd on remand*, 2003 WL 549077 (Tex.App.-Corpus Christi Feb.27, 2003, no pet.) (after stating *Young* standard of review, court conducted ineffective assistance of counsel analysis, rejected claim but court did not explain reasoning concerning *Young* waiver issue); *Starr v. State*, No. 13-99-381-CR, 2000 WL 34253854, at *2-3 (Tex.App.-Corpus Christi, Apr. 13, 2000, pet. ref'd) (not designated for publication) (same).

**5.** On appeal, appellant does not appear to request a new trial on guilt-innocence, but instead requests in his prayer for relief that we order the State to reinstate its 15-year plea offer and order the trial court to allow him to replead guilty.

We overrule appellant's sole point of error.

### Conclusion

We affirm the judgments of the trial court.[6]

---

6. Nothing in this opinion restricts appellant's right to a writ of habeas corpus review. *See Ex parte Lemke,* 13 S.W.3d 791, 793 (Tex. Crim.App.2000) (holding appellant who pleads guilty to offense may file Application for Writ of Habeas Corpus alleging denial of effective assistance of counsel on ground that attorney did not convey plea-bargain offer made by State).