IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00021-CR

 

Teresa Tina Towles,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 66th District Court

Hill County, Texas

Trial Court No. 34,206

 



MEMORANDUM  Opinion



 








            Teresa Tina Towles pleaded “no contest”
to murder, and a jury assessed her punishment at thirty years’ imprisonment. Towles’s
appellate counsel filed an Anders brief contending that the appeal
presents no issues of arguable merit.  Towles has not filed a pro se
brief or other response, though she was notified of her right to do so.[1]  We will affirm.

            “Whether entered with or without an
agreed recommendation of punishment by the State, a valid plea of guilty or
nolo contendere ‘waives’ or forfeits the right to appeal a claim of error only
when the judgment of guilt was rendered independent of, and is not supported
by, the error.”  Young v. State, 8 S.W.3d 656, 666-67 (Tex. Crim. App.
2000); accord Guidry v. State, 177 S.W.3d 90, 93 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

            In the Anders brief, Towles’s
counsel reviews the procedural history of her trial and the evidence offered at
trial.  Counsel identifies two defense objections which were overruled by the
court.  Counsel suggests that neither ruling was an abuse of discretion.  We
agree.

            Towles’s first objection involves a
challenge for cause which the court overruled.

Harm from the erroneous denial of a defense
challenge for cause occurs: (1) when a defendant uses a peremptory challenge to
remove a veniremember whom the trial court should have excused for cause at the
defendant's request, (2) the defendant uses all of his statutorily allotted
peremptory challenges, and (3) the defendant unsuccessfully requests an
additional peremptory challenge which he claims he would use to remove another
veniremember whom the defendant identifies as “objectionable” and who actually
sits on the jury.

 

Saldano v. State, 232 S.W.3d 77, 91 (Tex. Crim. App. 2007).

            Because of the numerical position of
the veniremember whom Towles challenged for cause, it appears likely that
Towles exercised a peremptory challenge to prevent his service.  However, there
is nothing in the record to indicate that Towles exhausted all of her
peremptory challenges or requested more to remove another objectionable veniremember. 
Thus, Towles cannot establish harm from any error in the denial of her
challenge for cause.  See id.

            Towles’s other objection was to the relevance
of the State’s cross-examination of her father with a “have-you-heard” question
regarding Towles being fired by a trucking company because of a positive
urinalysis.  Towles’s father testified that he did not know the circumstances
under which her employment with that company ended.  However, the State asked
the same question of the next defense witness (Towles’s son) without objection. 
He testified that he did not know Towles had been fired because of a positive
urinalysis but it did not surprise him because he knew that “she’s a drug
addict.”

            Any error in the admission of evidence
is rendered harmless if the same or similar evidence is subsequently admitted
without objection.  Chamberlain v. State, 998 S.W.2d 230, 235 (Tex.
Crim. App. 1999); Cole v. State, 194 S.W.3d 538, 545 (Tex. App.—Houston [1st Dist.] 2006, pet. ref’d).  In the same manner, any error in permitting a
particular question to be asked of a witness is rendered harmless if the same or
a similar question is subsequently asked and answered without objection.  Thus,
Towles cannot establish harm from any error in permitting the State to
cross-examine her father regarding the termination of her employment because of
an alleged positive urinalysis.

Our independent review of the record reveals no
issues of arguable merit.  Therefore, we affirm the judgment.  Counsel must
advise Towles of our decision and of her right to file a pro se petition
for discretionary review.  See Ex parte Owens, 206 S.W.3d 670, 673-74
(Tex. Crim. App. 2006); Villanueva v. State, 209 S.W.3d 239, 249 (Tex.
App.—Waco 2006, no pet.); see also Meza v. State, 206 S.W.3d 684, 689
n.23 (Tex. Crim. App. 2006).  We grant counsel’s motion to withdraw, effective
upon counsel’s advising Towles of our decision and of her right to file a pro
se petition for discretionary review.  See Meza, 206 S.W.3d at 689
& n.23; Villanueva, 209 S.W.3d at 249.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray concurs only in the judgment for the reasons noted in his
concurring opinion in Villanueva v. State, 209 S.W.3d 239, 249-252 (Tex.
App.—Waco 2006, no pet.) (Gray, C.J., concurring) and his dissenting opinion in
Garner v. State, No. 10-05-00218-CR, 2007 Tex. App. LEXIS 4246, *16-20
(Tex. App.—Waco May 30, 2007, pet. granted on Court’s motion) (Gray, C.J.,
dissenting).

Affirmed

Opinion delivered and
filed January 30, 2008

Do not publish

[CRPM]









[1]
              Towles did file a pro se motion for an
extension of time to file a brief or response, but this motion was struck
because Towles failed to provide proof of service despite being advised in a
letter from the Clerk of this Court that service was required and that failure
to comply may result in the striking of the motion.