Affirmed and Memorandum Opinion filed March 25, 2010.

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-01143-CR

___________________

 

Michael Ray Deyon, Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 212th District Court

Galveston County,
Texas



Trial Court Cause No. 07CR3806

 



 

 

MEMORANDUM OPINION

Appellant Michael Ray Deyon
challenges his conviction for unlawful possession of a firearm by a felon. 
After appellant pleaded guilty, the trial court assessed punishment as
confinement for eight years.  Appellant appeals contending that he received
ineffective assistance of counsel.  We affirm.

Background

           On November 30,
2007, Texas City Police Officer Bjerke observed appellant and another man in a
vehicle parked in front of a vacant building.  Appellant got out of the vehicle
and started walking towards a house on the other side of the street.  Bjerke approached
appellant and told appellant to come towards Bjerke’s vehicle.  Appellant began
retreating towards the vehicle he had recently exited.  Bjerke ordered
appellant to stop several times and observed appellant’s hand moving towards
appellant’s waistband.  Bjerke then observed appellant “toss” or “drop”
something inside of the vehicle.  Bjerke ordered appellant to get on the ground,
and appellant complied.  

            Bjerke arrested
appellant and the vehicle appellant was in was searched.  A silver handgun was
uncovered in the search of the vehicle.  Appellant, who previously had been
convicted of burglary and possession of a controlled substance, subsequently was
charged with unlawful possession of a firearm by a felon. 

            Appellant, on May
30, 2008, filed a motion to suppress any statements made by appellant relating
to this case.  The State initially offered a plea bargain of seven years in
prison.  Appellant rejected the offer.  The State later offered a plea bargain
of two years in prison.  Appellant also rejected this offer.  Appellant then
attempted to accept the State’s plea bargain of two years in prison at a
hearing on November 3, 2008.  The State informed appellant that the offer of
two years in prison was no longer available.  Appellant then pleaded guilty,
and the trial court assessed punishment as confinement for eight years.        


Analysis

Appellant contends on appeal that he received
ineffective assistance of counsel because his trial counsel did not (1) advise
him that “if he rejected the State’s two year [plea bargain] offer, that would
have the effect of terminating that offer, which could not be revived;” and (2)
pursue a hearing on his motion to suppress any statements he made relating to
this case.  

As a threshold matter, the State argues that
appellant waived his complaint on appeal regarding his trial counsel’s alleged
ineffectiveness relating to plea negotiations by pleading guilty.  A valid
guilty plea waives a defendant’s right to appeal a claim of error when the
judgment of guilt was rendered independently of, and is not supported by, the
alleged error.  Young v. State, 8 S.W.3d 656, 666-67 (Tex. Crim. App.
2000) (en banc), superseded in part by Tex. R. App. P. 25.2(b) as
stated in Monreal v. State, 99 S.W.3d 615 (Tex. Crim. App. 2003).  For a
defendant to have a right to appeal from a valid guilty plea, there must be a
nexus between the alleged error and the judgment of guilt.  Guidry v. State,
177 S.W.3d 90, 93 (Tex. App.—Houston [1st Dist.] 2005, no pet.); Brink v.
State, 78 S.W.3d 478, 484 (Tex. App.—Houston [14th Dist.] 2001, pet. ref’d). 


The State addresses appellant’s complaint regarding
his trial counsel’s alleged failure to pursue a hearing on his motion to
suppress on the merits and does not specifically argue that appellant waived
this complaint by pleading guilty.  However, because appellant pleaded guilty,
the court’s holding in Young applies to our review.  See Martinez
v. State, 109 S.W.3d 800, 803 (Tex. App.—Corpus Christi 2003, pet. ref’d). 
Therefore, we must determine if the judgment of guilt was rendered independent
of, and is not supported by, appellant’s complaints on appeal.[1]  See Young,
8 S.W.3d at 667; Guidry, 177 S.W.3d at 93.        

Allegations of ineffective assistance of counsel may
or may not have a direct nexus with a defendant’s guilty plea.  Guidry,
177 S.W.3d at 93; Martinez, 109 S.W.3d at 803.  A judgment of guilt is
rendered independently of the alleged error when the alleged grounds of
ineffective assistance of counsel are not related to the guilty plea.  Guidry,
177 S.W.3d at 93; Martinez, 109 S.W.3d at 803.       

Appellant does not assert that his decision to plead
guilty was related in any way to the alleged ineffectiveness of his trial
counsel.  Nothing in the record indicates that appellant would have pleaded not
guilty but for his trial counsel’s alleged ineffectiveness.  The record on
appeal demonstrates no nexus between appellant’s guilty plea and his trial
counsel’s alleged ineffectiveness.  Instead, the record demonstrates that
appellant chose to plead guilty without an agreed recommendation rather than
proceed to trial on the merits.  Appellant does not assert that his guilty plea
was related in any way to his trial counsel’s alleged failure to (1) explain to
him the effect of rejecting the State’s plea bargain offer, or (2) pursue a
hearing on appellant’s motion to suppress any statements he made relating to
this case.  

We hold that appellant has waived any right to appeal
based on his complaints of ineffective assistance of counsel because the
judgment of guilt was rendered independently of, and not supported by, the
alleged ineffectiveness of appellant’s trial counsel.  See Young, 8
S.W.3d at 667; Guidry, 177 S.W.3d at 93; Martinez, 109 S.W.3d at
803.  We overrule appellant’s issues.

Conclusion

We affirm the trial court’s judgment.   

                                                                                    

                                                                        /s/        William
J. Boyce

                                                                                    Justice

 

 

Panel consists of Justices
Frost, Boyce, and Sullivan.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]
In any event, appellant cannot satisfy the
standard set forth in Strickland v. Washington, 466 U.S. 668 (1984),
under which we review claims of ineffective assistance of counsel.  See Stafford
v. State, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991) (en banc).  

Under Strickland, an
appellant must establish that (1) his trial counsel’s representation was
deficient; and (2) the deficient performance was so serious that it deprived
the appellant of a fair trial.  Strickland, 466 U.S. at 687.  To
establish these prongs, the appellant must establish by a preponderance of the
evidence that (1) counsel’s representation fell below the objective standard of
prevailing professional norms; and (2) there is a reasonable probability that,
but for counsel’s deficiency, the result of the proceeding would have been
different.  Id. at 690-94.  If the reasons for counsel’s conduct at
trial do not appear in the record and it is at least possible that the conduct
could have been grounded in legitimate trial strategy, we will defer to
counsel’s decisions and deny relief on an ineffective assistance claim on
direct appeal.  Garza v. State, 213 S.W.3d 338, 348 (Tex. Crim. App.
2007).  

Appellant cannot satisfy Strickland’s
first prong by showing by a preponderance of the evidence that trial counsel’s
representation fell below an objective standard of reasonableness based on
prevailing professional norms.  See Rivera-Reyes v. State, 252
S.W.3d 781, 788-89 (Tex. App.—Houston [14th Dist.] 2008, no pet.).  The record
contains no evidence regarding the trial strategy of appellant’s counsel. 
Therefore, the record does not rebut the presumption that trial counsel’s
actions and decisions were reasonably professional and were motivated by sound
trial strategy.  See id.