# NO. 12-12-00276-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *SHAUN MARK LAWLER,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Shaun Mark Lawler appeals his conviction of aggravated assault with a deadly weapon on a person who was a member of his household or with whom he has or had a dating relationship. Appellant was sentenced to imprisonment for fifty-five years. In three issues, Appellant argues that the trial court improperly quashed his subpoena duces tecum and improperly assessed court costs in its judgment. We affirm.

### BACKGROUND

Appellant was charged by indictment with aggravated assault with a deadly weapon on a person who was a member of his household or with whom he has or had a dating relationship. Appellant pleaded "guilty" as charged without a plea agreement, and the matter proceeded to a trial on punishment. The trial court found Appellant "guilty" as charged and sentenced him to imprisonment for fifty-five years. This appeal followed.

## SUBPOENA DUCES TECUM

In his first issue, Appellant argues that the trial court violated his due process rights by granting the Department of Family and Protective Services' motion to quash his subpoena duces tecum, by which he sought information pertaining to the victim pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).[1]  Appellant filed the subpoena before pleading "guilty," but the Department's motion to quash the subpoena was not resolved by the trial court until after the entry of Appellant's plea and after the victim testified at Appellant's trial on punishment. Ultimately, the trial court performed an in camera review of the records sought and granted the Department's motion.  On appeal, Appellant argues that the material possessed by the State constituted impeachment evidence to which he was entitled under *Brady*.

### Brady v. Maryland

In *Brady*, the United States Supreme Court held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87, 83 S. Ct. at 1196–97; *see Pena v. State*, 353 S.W.3d 797, 809 (Tex. Crim. App. 2011); *Pitman v. State*, 372 S.W.3d 261, 264 (Tex. App.–Fort Worth 2012, pet. ref'd).  The court of criminal appeals has held that to find reversible error under *Brady*, an appellant must show that (1) the state failed to disclose evidence, regardless of the prosecution's good or bad faith; (2) the undisclosed evidence constitutes exculpatory or impeachment evidence that is favorable to him, that is, if disclosed and used effectively, the evidence may make a difference between conviction and acquittal; and (3) the evidence is material, that is, it presents a reasonable probability that had the evidence been disclosed, the outcome of the proceeding would have been different.  *Pena*, 353 S.W.3d at 809, 812; *Harm v. State*, 183 S.W.3d 403, 406, 408 (Tex. Crim. App. 2006).  A "reasonable probability" is a probability sufficient to undermine confidence in the outcome of the trial.  *Ealoms v. State*, 983 S.W.2d 853, 859 (Tex. App.–Waco 1998, pet. ref'd).  We analyze an alleged *Brady* violation "in light of all the other evidence adduced at trial."  *Hampton v. State*, 86 S.W.3d 603, 612–13 (Tex. Crim. App. 2002).

---

[1] Based on our reading of Appellant's first issue, it is not clear whether Appellant contends that his due process rights were violated with respect to his "guilty" plea, his punishment hearing, or both.  Accordingly, we address the issue in light of both stages of the proceedings.

## Due Process

We first note that the Constitution does not require the disclosure of impeachment information prior to a criminal defendant's guilty plea. *See **United States v. Ruiz***, 536 U.S. 622, 628, 122 S. Ct. 2450, 2455, 153 L. Ed. 2d 586 (2002). Impeachment information is special in relation to a trial's fairness, not in respect to whether a plea is voluntary. *See **id.***, 536 U.S. at 623, 122 S. Ct. at 2452. When a defendant pleads guilty, he or she forgoes not only a fair trial, but also other accompanying constitutional guarantees. *Id.*, 536 U.S. at 628, 122 S. Ct. at 2455. Therefore, Appellant was not entitled to receive this impeachment information prior to pleading "guilty."

## Waiver

Moreover, the State argues that Appellant waived this issue on appeal by pleading guilty. A valid guilty plea waives a defendant's right to appeal a claim of error when the judgment of guilt was rendered independently of, and is not supported by, the alleged error. ***Young v. State***, 8 S.W.3d 656, 666–67 (Tex. Crim. App. 2000), *but see* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006); (further limiting right of appeal in certain plea bargain cases); TEX. R. APP. P. 25.2(a)(2). For a defendant to have a right to appeal from a valid guilty plea, there must be a nexus between the alleged error and the judgment of guilt. ***Guidry v. State***, 177 S.W.3d 90, 93 (Tex. App.–Houston [1st Dist.] 2005, no pet.); ***Brink v. State***, 78 S.W.3d 478, 484 (Tex. App.–Houston [14th Dist.] 2001, pet. ref'd); *see also **Deyon v. State***, No. 14-08-01143-CR, 2010 WL 1077847, at *1 (Tex. App.–Houston [14th Dist.] Mar. 25, 2010, no pet.). Because, here, Appellant pleaded "guilty," the court's holding in ***Young*** applies to our review. ***Deyon***, 2010 WL 1077847, at *2 (citing ***Martinez v. State***, 109 S.W.3d 800, 803 (Tex. App.–Corpus Christi 2003, pet. ref d)); *see **Jacobs v. State***, 80 S.W.3d 631, 632 (Tex. App.–Tyler 2002, no pet.) (applying the ***Young*** rule to an alleged due process violation relating to nondisclosure of ***Brady*** material prior to guilty plea). Therefore, we must determine if the judgment of guilt was rendered independent of, and is not supported by, the claimed error. *See **Deyon***, 2010 WL 1077847, at *2; *see **Young***, 8 S.W.3d at 667; ***Guidry***, 177 S.W.3d at 93.

In the instant case, the trial court's judgment of guilt has compelling evidentiary support. Appellant's mother testified during the trial on punishment in great detail about the assault. Further, the State introduced a video depicting Appellant's commission of the offense. The impeachment materials Appellant sought by his subpoena concern the victim's criminal history as well as investigations conducted by the Department regarding the victim's abuse or neglect of her daughter.

The records also make multiple references to the victim's use of illegal narcotics. We conclude that there is no nexus between the information Appellant sought and the trial court's judgment of guilt. Accordingly, we hold that Appellant waived this issue on appeal by pleading "guilty."

**Materiality of Information Sought**

To the extent Appellant argues he was entitled to this information at his punishment hearing, he was required to demonstrate that had the evidence been disclosed, the outcome of the proceeding would have been different. *See Pena*, 353 S.W.3d at 809, 812. As set forth above, there was ample compelling evidence of Appellant's guilt presented at the punishment hearing. The trial court watched a security video in which Appellant stabbed the victim numerous times and cut her throat. Considering this evidence and the remaining evidence before the court, we conclude that there is no reasonable probability that the impeachment evidence concerning the victim's criminal history or investigations by the Department would have caused Appellant to attempt to withdraw his "guilty" plea, would have caused reasonable doubt about Appellant's guilt, or would have caused the trial court to impose a lesser sentence of imprisonment on Appellant. Therefore, we hold that the trial court did not err in granting the Department's motion to quash.

Appellant's first issue is overruled.

COURT COSTS

In his second and third issues, Appellant argues that the trial court erred in including court costs in its judgment not supported by a timely filed statutorily required bill of costs and that the evidence is legally insufficient to support the costs assessed. Since the filing of Appellant's amended brief, the record has been supplemented with a bill of costs. *See Johnson v. State*, No. 12-12-00289-CR, 2013 WL 3054994, at *2 (Tex. App.–Tyler June 19, 2013, no pet.) (permitting supplementation of record with bill of costs). Accordingly, we review Appellant's issues as challenges to the sufficiency of the evidence supporting court costs in each case.

**Standard of Review and Applicable Law**

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). We measure sufficiency by reviewing the record in the light most favorable to the award. *Mayer*, 309 S.W.3d at 557 (Tex. Crim. App. 2010); *Cardenas v. State*, No. 01-11-01123-CR, 2013 WL

4

1164365, at *7 (Tex. App.–Houston [1st Dist.] Mar. 21, 2013, no pet.) (not yet released for publication). Requiring a convicted defendant to pay court costs does not alter the range of punishment, is authorized by statute, and is generally not conditioned on a defendant's ability to pay. *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006); **Armstrong**, 340 S.W.3d at 767; *see also* **Johnson**, 2013 WL 3054994, at *3.

**Timeliness of Bill of Costs and Due Process**

Appellant argues that Article 103.001 of the Texas Code of Criminal Procedure requires a certified bill of costs to be issued "prior to or contemporaneously with the judgment." Appellant contends that by supplementing the record more than ninety days after the judgment was filed, there was no indication that the specified costs were ever before the trial court. The code of criminal procedure does not require that a certified bill of costs be filed at the time the trial court signs the judgment of conviction or even before a criminal case is appealed. *See* TEX. CODE CRIM. PROC. ANN. arts. 103.001, 103.006 (West 2006); **Johnson**, 2013 WL 3054994, at *1.

Appellant further raises a due process challenge to the timeliness of the filing of the bill of costs. Specifically, he argues that by not having a timely bill of costs, he "had no ability to challenge any legal basis for the court costs assessed. . . ." The record was supplemented with the bill of costs on November 8, 2012. Appellant filed his amended brief on April 4, 2013, and challenges the sufficiency of the evidence supporting the trial court's assessment of costs. Thus, Appellant was not deprived of his right to due process. *See* **Cardenas**, 2013 WL 1164365, at *7 (holding that clerk's failure to prepare bill of costs before entry of judgment does not amount to a due process violation).

**Evidence Supporting Assessment of Costs**

The judgment of conviction reflects that the trial court assessed $274.00 in court costs. The judgment includes a document identified as "Attachment A Order to Withdraw Funds," which states that Appellant has incurred "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $274.00. The certified bill of costs itemizes the court costs imposed, which total $446.00. We have reviewed each of the fees listed in the bill of costs. Except for the items listed as "video tape fee," and "Bill of Costs," all other costs and fees are authorized by statute.

The State notes the discrepancy between the judgment and the bill of costs and explains that it is due to the assessment of the "video tape fee" and costs for preparation of the clerk's record. The State appears to concede that the assessment of the "video tape fee" is not, under the facts of this case,

5

authorized by statute.    We note that Texas Code of Criminal Procedure, Article 102.018 provides for the imposition of costs in the amount of $15.00 on a defendant convicted under Texas Penal Code, Section 49.04 if, subsequent to the arrest, a law enforcement agency visually recorded the defendant with an electronic device.    *See* TEX. CODE. CRIM. PROC. ANN. art. 102.018(a)(1) (West 2006).    Here, Appellant was not convicted under Section 49.04.    Further, the State has offered no statutory authority supporting the imposition of a "video tape fee" applicable to the facts of this case.    Finally, after a diligent search, this court is unable to determine that the "video tape fee" of $30.00 imposed on Appellant in this case is authorized by statute.    *See Owen v. State*, 352 S.W.3d 542, 548 (Tex. App.– Amarillo 2011, no pet.) (where State did not refer appellate court to any statute authorizing assessment of costs and appellate court was unable to understand statutory basis for fees, judgment modified to remove unsupported costs).

The item listed as "Bill of Costs" seeks to impose costs on Appellant in the amount of $142.60 for the preparation of the clerk's record in this appeal.    The State urges us to modify the judgment to add this cost, which Appellant has already paid to the trial court clerk, to the trial court's judgment. Again, the State has failed to offer any statutory authority specifically supporting the imposition of this cost as part the trial court's judgment.    Based on a diligent search, this court is unable to determine that this cost is authorized by statute to be imposed in this manner.    *See Owen*, 352 S.W.3d at 548.    We note that under Texas Rule of Appellate Procedure 35.3, the trial court clerk is responsible for preparing, certifying, and timely filing the clerk's record if the party responsible for paying for the preparation of the clerk's record has paid the clerk's fee, has made satisfactory arrangements with the clerk to pay the fee, or is entitled to appeal without paying the fee.    *See* TEX. R. APP. P. 35.3(a)(2).    Rule 35.3 provides for the manner of recompense for the preparation, certification, and filing of the clerk's record.    But it makes no provision for assessment of this expense as a court cost that may be made part of the trial court's judgment.    Accordingly, we decline the State's request to modify the judgment to include this expense that Appellant has already remunerated to the trial court clerk.

**Summation**

When the unsupported fees of $142.60 and $30.00 are subtracted from the total of $446.60 in the bill of costs, the difference is $274.00, the amount set forth in the trial court's judgment and

Attachment A.   Therefore, we hold that the costs imposed in the trial court's judgment are supported by legally sufficient evidence.   Appellant's second and third issues are overruled.

## DISPOSITION

Having overruled Appellant's first, second, and third issues, we *affirm* the trial court's judgment.


**JAMES T. WORTHEN**
Chief Justice


Opinion delivered July 31, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

7



# COURT OF APPEALS
# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS
# JUDGMENT

## JULY 31, 2013

## NO. 12-12-00-276-CR

**SHAUN MARK LAWLER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 241st Judicial District Court

of Smith County, Texas. (Tr.Ct.No. 241-1253-11)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*