**AFFIRM; and Opinion Filed June 23, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01390-CR

### LUIS ANTONIO RIQUIAC QUEUNAY, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 6**
**Dallas County, Texas**
**Trial Court Cause No. F13-30617-X**

## MEMORANDUM OPINION
Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Lang-Miers

Luis Antonio Riquiac Queunay[1] appeals from the trial court's judgment sentencing him to twenty years in prison on his plea of guilty to the offense of aggravated sexual assault with a deadly weapon. In two issues, appellant argues that (1) "the trial court erred by failing to consider his assertion of an adverse conflict of interest of his court-appointed trial counsel"; and (2) "the judgment should be modified to indicate the court costs assessed by the trial court are to be credited to appellant as served concurrently with the sentence." We affirm the judgment.

### Background

Appellant was indicted for aggravated sexual assault with a deadly weapon in June 2013. The trial court appointed an attorney to represent him, and she sought an examining trial and

---

[1] Appellant's last name is spelled various ways throughout the appellate record. We note that in his handwritten letters, appellant spelled his name "Quevnay." But we also note that appellant asked that the spelling be changed to "Quejnay." For consistency, we will use the spelling contained in the judgment.

filed various pretrial motions on appellant's behalf. In November 2013, appellant filed a handwritten pro se motion to dismiss his appointed attorney stating as the basis "counsel shows no interest in the case at hand and only seeks plea agreement." A month later, appellant filed a second motion to dismiss his attorney stating the same basis he stated in the first motion. In an undated handwritten letter filed on the same date as his second motion to dismiss, appellant stated "my lawyer want[s] to go [to] trial only." He wrote that when he met with his attorney at court, she told him he could go to trial or "sign for 40 years in prison." He told her he did not want to go to trial and that he wanted to "sign for a better deal than 40 years, better than 15 years[.]" He said his lawyer "offered" him five years, but after "she went inside the Court" she came back and told him "that five years it was too little[.]" In another handwritten letter, appellant said he felt as if his attorney "is not working on my behalf or . . . shows no interest in my case to work out a deal with the state district attorney. Instead I feel she is working with the state to prevent me from getting a better deal."

Seven months later, appellant entered a plea of guilty to the offense without the benefit of a plea bargain. At that time, he did not complain about his attorney and did not ask the court to rule on his motions to dismiss. The court accepted appellant's plea of guilty and reset sentencing to a future date. At the sentencing hearing, appellant did not complain about his attorney and did not ask the court to rule on his motions to dismiss. The court heard evidence and sentenced appellant to twenty years in prison and no fine. The court told appellant that "[a]ny court costs will run concurrently with your time." Appellant did not file a motion for new trial.

### Discussion

In issue one, appellant argues that the trial court erred by failing to consider his motion to dismiss his attorney. He argues that his motion raised a potential conflict of interest with his appointed attorney regarding her plea negotiations with the State on appellant's behalf and that

the trial court was constitutionally obligated to pursue the potential conflict to determine if any action was necessary.[2] It is undisputed that seven months after appellant filed the second motion to dismiss complaining about his attorney, he pleaded guilty to the offense and asked the trial court to assess punishment.

A defendant who enters a valid plea of guilty, with or without the benefit of a plea bargain, forfeits his "right to appeal a claim of error only when the judgment of guilt was rendered independent of, and is not supported by, the error." *Young v. State*, 8 S.W.3d 656, 666–67 (Tex. Crim. App. 2000); *see also* TEX. R. APP. P. 25.2. Appellant does not explain on appeal the nexus between the judgment the court rendered and any alleged error in failing to conduct a hearing on a potential conflict of interest in plea negotiations. *See Brink v. State*, 78 S.W.3d 478, 484 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) ("substitution of counsel has no direct nexus with guilt or innocence of defendant"). He did not argue below and does not argue on appeal how his attorney's alleged conflict of interest adversely affected her performance. *See Cuyler v. Sullivan*, 446 U.S. 335, 348–49 (1980) (defendant alleging conflict of interest must show actual conflict and "identify an actual lapse in representation"); *Quintero v. State*, No. 14-13-00559-CR, 2015 WL 2405549, at *5 n.3 (Tex. App.—Houston [14th Dist.] May 19, 2015, no pet. h.) (same). And he does not contend on appeal that the alleged conflict rendered his plea involuntary or that he received ineffective assistance of counsel as a result of any conflict of interest. *See Cuyler*, 446 U.S. at 348–50; *Young*, 8 S.W.3d at 667; *Guidry v. State*, 177 S.W.3d 90, 93–94 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

Appellant has not shown that his claim of error supported the judgment or that the judgment was not rendered independent of his claim of error. Instead, appellant asks us to abate

---

[2] Appellant's two motions to dismiss did not contain any statement about a potential conflict of interest. However, he mentioned a perceived conflict of interest in one of his handwritten letters.

this appeal and remand to the trial court for an evidentiary hearing to determine whether an actual conflict existed, and if it is determined that an actual conflict did exist, reverse his conviction and remand for a new trial. But "the possibility of conflict is insufficient to impugn a criminal conviction." *Cuyler*, 446 U.S. at 350. We conclude that appellant has forfeited his right to appeal. We resolve issue one against appellant.

In issue two, appellant argues that the judgment should be modified to show that the trial court ordered the costs "to be credited to appellant as served concurrently with the sentence." Appellant contends that the judgment does not accurately reflect the oral pronouncement. We disagree.

When sentencing appellant, the trial court ordered that "court costs will run concurrently with your time." The judgment assessed $494 in court costs and stated that the sentence would "run concurrently." To the extent appellant's actual argument is that he did not receive credit toward his court costs for the time he served in the county jail,[3] that is not what the trial court orally pronounced. We resolve issue two against appellant.

## Conclusion

We affirm the trial court's judgment.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

141390F.U05

---

[3] Appellant filed a pro se "Motion Nunc Pro Tunc Credit Toward Pecuniary Fines and Costs," in which he argued that he was entitled to a $50 credit for each day he was in county jail awaiting transfer to the Texas Department of Criminal Justice. He refers to this motion in his brief to this Court.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

LUIS ANTONIO RIQUIAC QUEUNAY,
Appellant

No. 05-14-01390-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 6, Dallas County, Texas
Trial Court Cause No. F13-30617-X.
Opinion delivered by Justice Lang-Miers,
Justices Francis and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 23rd day of June, 2015.