**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00317-CR**
_____

**DIAMOND DESHAY CHATMAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 9th District Court**
**Montgomery County, Texas**
**Trial Cause No. 17-05-05761-CR**

**MEMORANDUM OPINION**

Diamond Deshay Chatman appeals the trial court's punishment after she pled

guilty to Aggravated Assault of a Public Servant. *See* Tex. Penal Code Ann. §

22.02(b)(2). Chatman contests the validity of the trial court's judgment arguing that

the case should be remanded because the record is not clear whether there was an

agreement between the State and Chatman regarding the deadly weapon finding and

1

limiting her incarceration to a maximum of ten years. For the reasons stated below, we affirm the trial court's judgment.

## I. Background

In August 2017, Chatman was charged by indictment for the offense of Aggravated Assault on a Public Servant. The indictment alleged that

> on or about April 28, 2017 . . . [Chatman] did then and there, while using or exhibiting a deadly weapon, to-wit: a motor vehicle, intentionally or knowingly threaten K. Williams, a public servant acting in the lawful discharge of an official duty, with imminent bodily injury, and the defendant knew [K. Williams] was a public servant[.]

On June 5, 2018, Chatman was represented by counsel and pled guilty to the offense of Aggravated Assault on a Public Servant, without an agreement as to punishment. A copy of Chatman's signed plea admonishments was entered into evidence and signed by the trial court. Chatman elected to go to the trial court for punishment, and after a hearing, the trial court sentenced Chatman to twenty years of incarceration and signed a judgment reflecting that Chatman pled guilty to Aggravated Assault on a Public Servant with an affirmative deadly weapon finding. Chatman filed a motion for new trial that was overruled by operation of law. Chatman then timely filed this appeal. The trial court certified Chatman's right to appeal punishment.

2

## II. Analysis

Chatman alleges that when she signed her judgment with the trial court, it did not contain a deadly weapon finding and when she received a copy of her judgment it reflected a "surprise 'deadly weapon' finding." Chatman requests that this Court remand her case to the trial court to determine "answers to all the foregoing questions and requests [an] answer to why the situation and circumstances deserve a [twenty-year] sentence as well as a finding of deadly weapon." Chatman raises several questions in her brief, which we liberally construe. *See* Tex. R. App. P. 38.9. We discern three prevailing issues for this Court's review: (1) whether the evidence was sufficient for the trial court to sentence Chatman to twenty years on her plea; (2) whether the trial court erred by including a deadly weapon finding in the judgment; and (3) whether Chatman received ineffective assistance of counsel.[1] We will address each issue separately.

---

[1] Chatman poses several questions to this Court including asking whether her race was a factor during these proceedings and whether there was an "enticement" to not have a jury trial. Chatman raises these questions without any elaboration, record cites, or case law to support her allegations. While courts of appeals are required to construe briefs liberally, "points of error unsupported by the citation of authority present nothing for the court to review." *Harris Cty. Mun. Util. Dist. No. 48 v. Mitchell*, 915 S.W.2d 859, 866 (Tex. App.—Houston [1st Dist.] 1995, writ denied); *see also* Tex. R. App. P. 38.9. Accordingly, we do not address those questions on appeal.

## A. Chatman's Prison Sentence

In her first issue, Chatman argues that the "situation and circumstances" of the offense do not deserve a twenty-year prison sentence. Before accepting a guilty plea, a trial court is required to admonish a defendant of the applicable range of punishment of the crime. Tex. Code of Crim. Proc. Ann. art. 26.13(a)(1). "No plea of guilty . . . shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary." *Id*. art. 26.13(b). In admonishing the defendant, "substantial compliance by the court is sufficient, unless the defendant affirmatively shows that [s]he was not aware of the consequences of [her] plea and that [s]he was misled or harmed by the admonishment of the court." *Id*. art. 26.13(c). The trial court may make the admonishments orally or in writing. *Id*. art. 26.13(d).

At the hearing on Chatman's guilty plea, the trial court had the following exchange with Chatman and her trial counsel.

> THE COURT: Case No. 17-05-05761, State of Texas versus Diamond Deshay Chatman. Is that you ma'am?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: You're charged with a first-degree felony offense of aggravated assault on a public servant. That punishment range is five years to 99 years or [l]ife in prison and up to a $10,000 fine. Do you understand what you're charged with and what the range of punishment is?

4

THE DEFENDANT: Yes, sir.

THE COURT: Do you have any history of mental illness?

THE DEFENDANT: No, sir.

THE COURT: Do you believe your client is competent to stand trial?

[DEFENSE TRIAL COUNSEL]: I do, Your Honor.

[ . . . ]

THE COURT: Okay. Ma'am, you don't have an agreement with the State. What that means is I will accept your plea today . . . [.] We'll reset the case for a sentencing hearing. Your attorney can call witnesses to testify on your behalf, the State can call witnesses if they wish. I'll make the decision about what the appropriate punishment is in this case. Do you understand that?

THE DEFENDANT: Yes, sir.

[ . . . ]

The Eighth Amendment of the Constitution of the United States prevents cruel and unusual punishment. *See* U.S. CONST. amend. VIII; *Winchester v. State,* 246 S.W.3d 386, 388 (Tex. App.—Amarillo 2008, pet. ref'd). This amendment applies to the State via the Fourteenth Amendment's due process clause. *See* U.S. CONST. amend. XIV; *Harmelin v. Mich.*, 501 U.S. 957, 962 (1991). The Texas "legislature is vested with the power to define crimes and prescribe penalties." *Davis v. State*, 905 S.W.2d 655, 664 (Tex. App.—Texarkana 1995, pet. ref'd); *see also Simmons v.*

5

*State*, 944 S.W.2d 11, 15 (Tex. App.—Tyler 1996, pet. ref'd). Punishment that falls within the limits prescribed by a valid statute, including punishment enhanced pursuant to a habitual-offender statute, is not excessive, cruel, or unusual. *See Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006) (noting that a sentence falling within the prescribed range and based on sentencer's normative judgment is unassailable on appeal); *Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983) (rejecting the notion that punishment under habitual offender statute constituted cruel and unusual punishment).

To preserve error for review, a defendant must make a timely, specific objection at trial. Tex. R. App. P. 33.1(a); *Arriaga v. State*, 335 S.W.3d 331, 334 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd). "In addition, a party must make the complaint at the earliest possible opportunity, and the point of error on appeal must comport with the objection made at trial." *Yazdchi v. State*, 428 S.W.3d 831, 844 (Tex. Crim. App. 2014) (citation omitted). "Failure to object at trial may waive even constitutional errors." *Id*. (citation omitted). Texas courts have established that failure to raise an Eighth Amendment cruel and unusual punishment claim at the trial level waives the claim on appeal. *See Leza v. State*, 351 S.W.3d 344, 358 (Tex. Crim. App. 2011) (declining to review alleged constitutional violations regarding the Fifth, Eighth or Fourteenth amendments because defendant failed to object or raise the

issue at the trial court.); *Arriaga*, 335 S.W.3d at 334. In some instances, a defendant may preserve an objection for cruel and unusual punishment by virtue of a motion for new trial. *See Sample v. State,* 405 S.W.3d 295, 304 (Tex. App.—Fort Worth 2013, pet. ref'd); *Williamson v. State*, 175 S.W.3d 522, 523–24 (Tex. App.— Texarkana 2005, no pet.). But, a general objection in a motion for new trial, without language that the sentence was cruel and unusual, will not preserve defendant's claim*. See* Tex. R. App. P. 33.1; *Romero v. State*, Nos. 07-18-00009-CR, 07-18-00063-CR, 2019 WL 1272947, at \*1 (Tex. App.—Amarillo Mar. 19, 2019, no pet.) (mem. op., not designated for publication).

Chatman admits in her brief that she failed to object to the sentence at trial. In addition, Chatman's motion for new trial does not allege that she received a grossly disproportionate sentence or that the punishment was cruel and unusual. Because Chatman did not make an objection to her sentence on cruel and unusual punishment grounds at trial, she has failed to preserve this issue for review. *See* Tex. R. App. P. 33.1(a). Furthermore, the trial court assessed punishment at twenty years in this case, which is within the statutory range. *See* Tex. Penal Code Ann. § 12.32. Therefore, the punishment assessed is not prohibited as cruel and unusual punishment, nor is it excessive per se. *See Samuel v. State*, 477 S.W.2d 611, 614–15 (Tex. Crim. App. 1972); *see also State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016)

(where appellant's sentence "fell well within the statutory range . . . there is no reason to compare his sentence to sentences imposed on others"). We overrule Chatman's first issue.

**B. Deadly Weapon Finding**

In her second issue, Chatman questions the deadly weapon finding asking whether the State failed to adhere to the original open plea with no deadly weapon finding or whether her defense counsel misrepresented the plea agreement to her. Chatman argues that she did not agree to a deadly weapon finding and the judgment reflecting the deadly weapon finding was a "surprise."

A defendant is entitled to notice of the State's intent to seek an affirmative deadly weapon finding. *Brooks v. State*, 847 S.W.2d 247, 248 (Tex. Crim. App. 1993). A deadly weapon is anything that in the manner of its use or intended use is capable of causing death or serious bodily injury. Tex. Penal Code Ann. § 1.07(a)(17)(B); *Sierra v. State*, 280 S.W.3d 250, 255 (Tex. Crim. App. 2009). "A motor vehicle, in the manner of its use or intended use, is clearly capable of causing death or serious bodily injury and therefore can be a deadly weapon." *Ex parte McKithan*, 838 S.W.2d 560, 561 (Tex. Crim. App. 1992) (citation omitted).

A defendant is on notice of a deadly weapon finding "if the allegation of use of a deadly weapon is clear from the face of the indictment." *Ex parte Huskins*, 176

8

S.W.3d 818, 821 (Tex. Crim. App. 2005). "Moreover, in a bench trial, a trial judge need not include a deadly-weapon finding in the oral pronouncement of judgment; if the charging instrument alleged a deadly weapon, the finding may be included for the first time in a written judgment." *Guthrie-Nail v. State*, 506 S.W.3d 1, 4 (Tex. Crim. App. 2015). In addressing the trial court's affirmative finding of a deadly weapon in plea bargain cases, the Court of Criminal Appeals has held that "the trial court may make an affirmative finding of the use of a deadly weapon in a plea-bargain case if the deadly weapon allegation is included in the indictment and the plea bargain agreement is silent regarding the exclusion of a deadly weapon finding from the judgment." *In re Lee*, No. 09–10-00338-CV, 2010 WL 3260857, at *1 (Tex. App.—Beaumont Aug. 19, 2010, no pet.) (mem. op.) (citing *Ex parte Williams*, 758 S.W.2d 785, 786 (Tex. Crim. App. 1988)). *Williams* expounded that plea agreements are viewed as contractual in nature and "[w]hen a trial court accepts a plea agreement, its terms then become binding upon the parties[,] [and a] party to an agreement has no contractual rights to demand specific performance over terms not appearing in the agreement or record." *Williams*, 758 S.W.2d at 786. Unless a defendant can show that a lack of a deadly weapon finding was part of the plea agreement, a defendant cannot claim that they were adversely affected. *Alexander v.*

9

*State*, 868 S.W.2d 356, 361 (Tex. App.—Dallas 1993, no pet.) (citing *Williams*, 758 S.W.2d at 786).

Chatman's indictment alleges that Chatman "did then and there, while using or exhibiting a deadly weapon, to-wit: a motor vehicle, intentionally or knowingly threaten K. Williams, a public servant[.]" In addition, the following exchange occurred between Chatman and the trial court during her guilty plea hearing:

> THE COURT: Okay. How do you plea to the first-degree felony offense of aggravated assault of a public servant? Guilty or not guilty?
>
> THE DEFENDANT: Guilty
>
> THE COURT: Are you pleading guilty to that offense because you actually are guilty and for no other reason?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Are you pleading guilty freely and voluntarily?
>
> THE DEFENDANT: Yes, sir.
>
> [THE STATE]: Offer State's 1.
>
> [DEFENSE TRIAL COUNSEL]: No objection.
>
> THE COURT: State's Exhibit No. 1 will be admitted. Ms. Chatman, I'm going to accept your plea of guilty to the first-degree felony offense of aggravated assault on a public servant.

Our review of the record shows that State's Exhibit 1 was Chatman's signed plea admonishments which included the following language. "I **JUDICIALLY**

10

**CONFESSES** (sic) to committing the offense of: **AGGRAVATED ASSAULT ON PUBLIC SERVANT** as charged by the indictment or information or as a lesser-included offense to the offense charged in the indictment or information."

Chatman fails to demonstrate to this court that she was not on notice of the deadly weapon finding or that its inclusion was a "surprise." Chatman's indictment clearly alleges that she committed her crime with a deadly weapon, and she signed a judicial confession which states she pleads guilty to the allegations as alleged in the indictment. A trial court is not required to orally pronounce a deadly weapon finding if the allegation is clear from the indictment. *Huskins*, 176 S.W.3d at 821; *see also Calhoun v. State*, Nos. 05-19-00264-CR, 05-19-00265-CR, 2019 WL 5616898, at *2 (Tex. App.—Dallas Oct. 31, 2019, no pet.) (mem. op., not designated for publication) ("A defendant's 'judicial confession is sufficient evidence to show that [s]he used a deadly weapon, and the record need not otherwise provide proof.'") (quoting *Burns v. State*, No. 05-15-00971-CR, 2016 WL 2903589, at *2 (Tex. App.—Dallas May 12, 2016, no pet.) (mem. op., not designated for publication); *McLemore v. State*, Nos. 12-14-00136-CR, 12-14-00318-CR, 2015 WL 5139468, at *3 (Tex. App.—Tyler Sept. 2, 2015, no pet.) (mem. op., not designated for publication) ("The trial court may include an affirmative deadly weapon finding in its written judgment if the allegation of use of a deadly weapon is clear from the face

11

of the indictment. The declaration in the written judgment itself that Appellant used or exhibited a deadly weapon may serve as the express affirmative finding when the trial court is the fact finder over a portion of the trial and the jury has not decided the issue."). Additionally, Chatman has not presented any evidence to the Court that she had an agreement with the State to not include a deadly weapon finding, and we find no evidence in the record to support her assertion. Accordingly, we overrule Chatman's second issue.

## C. Ineffective Assistance of Counsel

In her third issue, Chatman argues that her counsel was "ineffective for failing to inform her that the 'deadly weapon' finding was going to be added[,]" questions whether defensive arguments were abandoned for a plea agreement, and whether the original agreement of "no deadly weapon finding" was misrepresented by her counsel.

"An appellate court looks to the totality of the representation and the particular circumstances of each case in evaluating the effectiveness of counsel." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (citing *Ex Parte Felton*, 815 S.W.2d 733, 735 (Tex. Crim. App. 1991)). To establish ineffective assistance of counsel, an appellant must meet a two-pronged test:

> (1)[T]he defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that

12

counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.

(2)[T]he defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Hernandez v. State*, 726 S.W.2d 53, 55–57 (Tex. Crim. App. 1986) (adopting and applying the *Strickland* test). "Unless [an] appellant can prove both prongs, an appellate court must not find counsel's representation to be ineffective." *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011) (citing *Strickland*, 466 U.S. at 687). Allegations of ineffectiveness must be shown in the record, and the record must affirmatively establish the alleged ineffectiveness. *Thompson,* 9 S.W.3d at 813. There is a strong presumption counsel's conduct "[fell] within the wide range of reasonable professional assistance[.]" *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994) (*quoting Strickland*, 466 U.S. at 689); *see also Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

As for a defendant being prejudiced by a trial attorney's deficient performance, courts have explained "[t]o show prejudice, '[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable

probability is a probability sufficient to undermine confidence in the outcome.'" *Jackson*, 877 S.W.2d at 771 (quoting *Strickland*, 466 U.S. at 694).

A defendant is entitled under the Sixth Amendment to effective assistance of counsel in guilty-plea proceedings. *Padilla v. Kentucky*, 559 U.S. 356, 364 (2010); *Ex parte Harrington*, 310 S.W.3d 452, 458 (Tex. Crim. App. 2010). A guilty plea may be considered involuntary due to ineffective assistance of counsel. *Ex parte Moussazadeh*, 361 S.W.3d 684, 688–89 (Tex. Crim. App. 2012); *Harrington*, 310 S.W.3d at 458–59. If a defendant pleads guilty based upon erroneous advice of counsel, the plea is not given voluntarily and knowingly. *Moussazadeh*, 361 S.W.3d at 689. "Competent counsel has a duty to render his best judgment to his client about what plea to enter, and that judgment should be informed by an adequate and independent investigation of the facts of the case." *Ex parte Reedy*, 282 S.W.3d 492, 500 (Tex. Crim. App. 2009) (citation omitted). A defendant must demonstrate that but for the erroneous advice of counsel, he would not have pled guilty and would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985) (holding that the two-part *Strickland* test applies to guilty pleas); *Ex parte Moody*, 991 S.W.2d 856, 857–58 (Tex. Crim. App. 1999) (citations omitted).

Chatman has failed to demonstrate to this Court that she received ineffective assistance of counsel when she plead guilty to Aggravated Assault of a Public

14

Servant. The record reflects that the trial court admonished Chatman and that she admitted she entered her plea freely and voluntarily. In addition, Chatman has not directed us to any evidence in the record to show that she did not want to plead guilty to that offense or that the State offered an agreement she did not receive. Chatman has not shown this court that but for counsel's alleged ineffectiveness, she would not have pled guilty. *See Guidry v. State*, 177 S.W.3d 90, 94 (Tex. App.—Houston [1st Dist.] 2005, no pet.). We overrule Chatman's final issue.

## IV. Conclusion

Having overruled all of Chatman's issues on appeal, we affirm the judgment of the trial court.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on August 21, 2019
Opinion Delivered November 20, 2019
Do Not Publish

Before Kreger, Horton and Johnson, JJ.

15